Page 2

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

~ 0 5 ~ 7 1 8 ~

| United States District Court | District |
|---|---|

Name (under which you were convicted): William J. Hammons

Docket or Case No.: 9809019760

Place of Confinement: Delaware Correctional Center

Prisoner No.: 166139

Petitioner (include the name under which you were convicted)

William J. Hammons

v.

Respondent (authorized person having custody of petitioner)

Thomas Carroll - Warden

The Attorney General of the State of M. Jane Brady

FILED

OCT - 5 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned
NO PPP

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
Superior Court, New Castle County, 500 N. King St., Wilmington, Del. 19801
(b) Criminal docket or case number (if you know): 9809019760

2. (a) Date of the judgment of conviction (if you know): June 13, 2002
(b) Date of sentencing: June 13, 2002

3. Length of sentence: 20 yrs. Level 5 · 2 years L-4, 1 yr. L-3

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☑ No ☐

5. Identify all crimes of which you were convicted and sentenced in this case:
Rape 2nd, 20 years Level 5 incarceration
Unlawful Imprisonment, 2 years Level 4 Half.
Way House/Work Release
Assault 3rd, 1 year probation Level 3

6. (a) What was your plea? (Check one)
   (1) Not guilty ☐    (3) Nolo contendere (no contest) ☐
   (2) Guilty ☑ pled mid-Trial (4) Insanity plea ☐
   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? pled guilty to Above. All other charges 8 in all, were dropped. All charges listed on Docket.

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☑    Judge only ❑

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ❑    No ☑

8. Did you appeal from the judgment of conviction?

Yes ☑    No ❑

9. If you did appeal, answer the following:

(a) Name of court: _DELAWARE State Supreme Court_

(b) Docket or case number (if you know): _CASE No. 387, 2002_

(c) Result: _AFFIRMED_

(d) Date of result (if you know): _Decided May 16, 03 / Docketed June 10, 03_

(e) Citation to the case (if you know): _Hammons v. State, 825 A2d 239 (2003)_

(f) Grounds raised: _____

_Illegal Sentence_

(g) Did you seek further review by a higher state court?    Yes ☑    No ❑

If yes, answer the following:

(1) Name of court: _DELAWARE State Supreme Court_

(2) Docket or case number (if you know): _NO. 387, 2002_

(3) Result: _Requested ReHearing En Banc, pro-se, Court Refused to Hear it._

(4) Date of result (if you know): _Referred to Counsel, He Never Responded._

(5) Citation to the case (if you know): _Hammons v. State, 825 A2d 238 (2003)_

(6) Grounds raised: _Double Jeapardy — Court issued Clarifying order on illegal Sentence After defendant Had Already Begun to Serve Sentence._

(h) Did you file a petition for certiorari in the United States Supreme Court?    Yes ❑    No ☑

If yes, answer the following:

(1) Docket or case number (if you know): _N/A_

(2) Result: _____ N/A _____

(3) Date of result (if you know): _____ N/A

(4) Citation to the case (if you know): _____ N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

    Yes ☑ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: Superior Court

        (2) Docket or case number (if you know): Docket # 102

        (3) Date of filing (if you know): 7-9-02

        (4) Nature of the proceeding: Motion For modification

        (5) Grounds raised: Not Sure As I No Longer Have A Copy of motion. May Have dealt with illegal Sentencing issue.

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ☐ No ☑

        (7) Result: Denied

        (8) Date of result (if you know): Docket #109 / 7-26-02 decided

    (b) If you filed any second petition, application, or motion, give the same information:

        (1) Name of court: Superior

        (2) Docket or case number (if you know): Docket # 110/Case No. 02m-08-023

        (3) Date of filing (if you know): 8-12-02

        (4) Nature of the proceeding: . State Habeas Corpus

        (5) Grounds raised: Cannot Remember, No Longer Have This Motion

_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ☐    No ☑

(7) Result: _Denied_____

(8) Date of result (if you know): _Don't Know_____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____ N/A _____

(2) Docket or case number (if you know): ___ N/A _____

(3) Date of filing (if you know): _____ N/A _____

(4) Nature of the proceeding: _____ N/A _____

(5) Grounds raised: _____ N/A _____

_____
_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ☐    No ☐

(7) Result: _____ N/A _____

(8) Date of result (if you know): _____ N/A _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    Yes ☐    No ☐

(2) Second petition:    Yes ☐    No ☐

(3) Third petition:    Yes ☐    No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____ N/A _____
_____
_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: _INEFFECTIVE ASSISTANCE OF COUNSEL - COERCION_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

( SEE ATTACHED )

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why: _CANNOT BE RAISED FOR THE FIRST TIME ON DIRECT APPEAL WOULD HAVE POSED A CONFLICT_

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?      Yes ☑   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _SUPERIOR COURT CRIMINAL RULE 61 POST-CONVICTION_

Name and location of the court where the motion or petition was filed: _SUPERIOR COURT, 500 N. KING ST., WILMINGTON DE. 19801_

Page 7

Docket or case number (if you know): _9809019560_

Date of the court's decision: _August 16, 2004_

Result (attach a copy of the court's opinion or order, if available): _Denied - Opinion Attached._

(3) Did you receive a hearing on your motion or petition?

Yes ☐  No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Delaware State Supreme Court, Dover, DE. 19901_

Docket or case number (if you know): _458, 2004_

Date of the court's decision: _Sept. 28, 2005_

Result (attach a copy of the court's opinion or order, if available): ✳ _Affirmed, Opinion Attached_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_N/A_

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_N/A_

GROUND TWO: _Ineffective Assistance of Counsel Illegal Sentence_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_(See Attached)_

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c) Direct Appeal of Ground Two:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☑

    (2) If you did not raise this issue in your direct appeal, explain why: _INEFFECTIVENESS_ _CANNOT BE RAISED FOR THE FIRST TIME ON direct APPEAL._ _ILLEGAL SENTENCE WAS RAISED, But NOT THIS ASPECT OF it_ _BECAUSE COUNSEL FAILED TO do SO._

(d) Post-Conviction Proceedings:

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ☑  No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _Superior Court Rule 61 motion, Post-Conviction_

    Name and location of the court where the motion or petition was filed: _Superior Court_ _500 N. King St., Wilmington DE. 19801_

    Docket or case number (if you know): _No. 9809619760_

    Date of the court's decision: _August 16, 2004_

    Result (attach a copy of the court's opinion or order, if available): _Denied –_ _Opinion Attached._

    (3) Did you receive a hearing on your motion or petition?

        Yes ☐  No ☑

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☑  No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☑  No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _DELAWARE STATE_ _Supreme Court, Dover, DE. 19901_

Docket or case number (if you know): _____ 458, 2004 _____

Date of the court's decision: ✱ _____ Sept. 28, 2005 _____

Result (attach a copy of the court's opinion or order, if available): _____ Affirmed _____

_Opinion Attached_ _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
issue: _____

_____ N/A _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative
remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

_____ N/A _____

GROUND THREE: _____ Legal And Factual Innocence _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____ (See Attached) _____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____ Counsel Refused To Raise _____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ❑ No ☑

(2) If you did _not_ raise this issue in your direct appeal, explain why: _____ Counsel _____
_____ Refused To Raise This issue, He Considered it _____
_____ A Conflict. _____

(d) Post-Conviction Proceedings:

  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a

state trial court?      Yes ☑  No ☐

  (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Superior Court Criminal Rule 61 postConviction_

Name and location of the court where the motion or petition was filed: _Superior Court,_
_500 N. King St., Wilm. Del. 19801_

Docket or case number (if you know): _9809019760_

Date of the court's decision: _August 18, 2004_

Result (attach a copy of the court's opinion or order, if available): _Denied_
_Opinion Attached_

---

  (3) Did you receive a hearing on your motion or petition?

    Yes ☐  No ☑

  (4) Did you appeal from the denial of your motion or petition?

    Yes ☑  No ☐

  (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☑  No ☐

  (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Delaware State Supreme_
_Court, Dover, De. 19901_

Docket or case number (if you know): _458, 2004_

Date of the court's decision: ✱ _Sept. 28, 2005_

Result (attach a copy of the court's opinion or order, if available): _Affirmed_
_Opinion Attached_

---

  (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this

issue: _____

_____ N/A _____

_____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative

remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____.

_____ N/A _____

Page 11

GROUND FOUR: Supreme Court Ruling was contrary to clearly Established Federal Law Entitling petitioner TO Habeas Corpus Relief WHERE merits OF THE Claims were meritorious And

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):— THE Courts never applied THE "Collateral doctrine" TO An Actual innocence Claim.

A) Supporting Facts: It was plain ERROR FOR THE Superior Court And State Supreme Court not TO Address THE merits NOR Apply THE "Collateral doctrine." To An Actual innocence Claim. Fed. Rules OF Crim. procedures Rule 52(b) as adopted By Delaware Superior Court Criminal Rule 52(b). (See attached)

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____ THIS Claim is deemed Exausted Because it was RAised in States Highest Court

---

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why: _____ N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?          Yes ☐ No ☑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____ N/A

Name and location of the court where the motion or petition was filed: _____ N/A

Docket or case number (if you know): _____ N/A

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____ N/A

---

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☐   No ☑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____ N/A _____

Docket or case number (if you know): _____ N/A _____

Date of the court's decision: _____ N/A _____

Result (attach a copy of the court's opinion or order, if available): _____ N/A _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____ N/A _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____ N/A _____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    Yes ☑ No ❑

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____ N/A _____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____ N/A _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    Yes ❑ No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____ N/A _____

_____

_____

_____

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    Yes ☐    No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____ N/A _____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Raymond Radulski — public Defender, 820 N. French St., Wilm. De. 19801

(b) At arraignment and plea: Arraignment - (unknown) public defender, At plea, Andrew J. Witherell, 100 E. 14th St., Wilm. De. 19801

(c) At trial: Andrew J. Witherell

(d) At sentencing: Andrew J. Witherell

(e) On appeal: Andrew J. Witherell

(f) In any post-conviction proceeding: Pro-Se

(g) On appeal from any ruling against you in a post-conviction proceeding: Pro-Se

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____ N/A _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    Yes ❏  No ❏

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* _____

_____ SEE  Equatable  TOlling  ATtAcHed. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Therefore, petitioner asks that the Court grant the following relief: _Allow Him To_
_Withdraw plea And Remand For Trial_

or any other relief to which petitioner may be entitled.

_____ N/A _____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on
_October 5, 2005_ (month, date, year).

Executed (signed) on _Oct. 5, 2005_ (date).

_William J Hammons_
Signature of Petitioner

---

*(...continued)
(A) the date on which the judgment became final by the conclusion of direct review or the
expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in
violation of the Constitution or laws of the United States is removed, if the applicant was
prevented from filing by such state action;
(C) the date on which the constitutional right asserted was initially recognized by the
Supreme Court, if the right has been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral
review with respect to the pertinent judgment or claim is pending shall not be counted toward
any period of limitation under this subsection.

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

IN FORMA PAUPERIS DECLARATION

_United States District Court_

[Insert appropriate court]

* * * * *

## Equitable Tolling

On 6-15-02 defendant entered a plea of guilty mid-trial. Dk. It. #98. On 7-11-02, defendant, pro-se, filed a timely notice of appeal. Dk. It. #104. Thereafter, the court instructed counsel that he still represented defendant to which he responded by filing a formal notice of appeal on 7-23-02. Dk. It. #108.

Defendants direct appeal was decided on May 16, 2003 but not docketed until 6-10-03. Dk. It. #148.

On 4-29-04, defendant, pro-se, filed his post-conviction relief motion. Dk. It. #175. The post-conviction motion was decided on 8-16-04. Dk. It. #182. Thereafter defendant filed a timely appeal on 10-18-04. Dk. It. #183.

This appeal was decided on 9-28-05. Dk. It. #184. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("A.E.D.P.A."), as contained in 28 USC. 2254(d), defendant argues that his petition for writ of Habeas Corpus in United States district court is being timely filed.

In the event this is contested, defendant argues that his ground of factual innocence as contained herein, would permit him to file an untimely 2254 petition if it appears that he is able to muster a plausible factual case meeting the exacting gateway

STANDARD Established By THE Supreme Court in SCHLuP
V. DeLo, 513 u.S. 298 (1995), For overRiding A
petitioner's clear Failure To meet deadLines And Requirements
For Filing A Timely petition in Federal Court.
MAJoy V. RoE, CASE No. # 00-56521 (9th Cir., July 11, 2002)
(Citations omitted).

Under SCHLup, "A petitioner's otherwise Barred
Constitutional Claims (maybe) Considered on THE MERits ......
IF His Claim OF Actual innocence is Sufficient TO Bring
him within THE NARRow CLASS OF CASES ..... implicating
A Fundamental "misCARRAige OF Justice." CARRiger V. Stewart,
132 F3d 463, 477 (9th Cir. 1997)(En BANC), (quoting SCHLup
513 u.S. At 315).

Defendant ARgues THAT His Claim OF Factual innocence
meets All THE Above.

## Jurisdiction

28 USC 2254.   State Custody, Remedies in Federal Courts.

(a) The Supreme, A Justice Thereof, A Circuit Judge, or a district shall entertain an application for a writ of Habeas Corpus in Behalf of a person in state Custody pursuant to the Judgement of a State Court only on the Grounds that he is in Custody in Violation of the Constitution or Laws or Treaties of the United States.

(B)(1) An application for a writ of Habeas Corpus on Behalf of a person in Custody pursuant to the Judgement of a state Court shall not be granted unless it appears that —

(A) The applicant has exhausted the Remedies Available in the Courts of the State; or

(B)(ii) Circumstances exist that render such process ineffective to protect the Rights of the applicant.

(d) An application for a writ of Habeas Corpus on Behalf of a person in Custody pursuant to the Judgement of a State Court shall not be granted with Respect to any Claim that was adjudicated on the merits in the State Court proceedings unless the adjudication of the Claim —

(1) Resulted in a decision that was Contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the

United States, or

(2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

(e),(1) In a proceeding instituted by an application for a writ of Habeas Corpus by a person in custody pursuant to the judgement of a State Court, a determination of a factual issue made by a State Court shall be presumed to be correct. The applicant shall have the burden of Rebutting the presumption of correctness by clear and convincing evidence.

(2) If the applicant has failed to develop the factual basis of a claim in the State Court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that -

(B) The facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

(F)    IF THE APPLICANT CHALLENGES THE SUFFICIENCY OF THE Evidence adduced in THE State Court proceeding TO Support THE State Courts determination OF A FACTUAL issue made THEREIN. THE applicant, IF Able, SHALL produce THAT part OF THE Record pertinent TO A determination OF THE Sufficiency OF THE Evidence TO Support Such determination. IF THE Applicant, Because OF indigency or other Reason IS unable TO produce Such part OF THE Record, THEN THE State SHALL produce Such part OF THE Record And THE FEDERAL Court SHALL direct THE State TO do So By order directed TO AN Appropriate State OFFICIAL.    IF THE State CANNOT provide Such pertinent part OF THE Record, Then THE Court SHALL determine under THE Existing Facts And Circumstances what weight SHALL Be given TO THE State Courts FACTUAL determination.


AS TO **Ground ONE**,  THE Court SHould Review THIS Ground under 28 USC 2254 (A) Because deFendant HAS EXHAUSTED All Remedies Available in State Court, And UNDER 28 USC 2254(B)(ii), Because Circumstances Exist THat Render Such process inEffective TO protect THE Rights oF THE Applicant.

AS TO **Ground TWO**, THE Court SHould Review THis Ground under 28 USC 2254 (A) BECAuSe defendant Has exHausted all Remedies Available in State Court, and 28 USC 2254 (B),(ii), BECAuse Circumstances Exist THAt Render SucH Process ineffective TO protect THE Rights OF THE Applicant.

AS TO **Ground THREE**, THE Court SHould Review THis Ground under 28 USC 2254 (d)(2) BECAuse THE Adjudication OF THis CLAim Resulted in A decision THAt WAS BASed on AN unReasonable determination OF THE Facts in Light OF THE Evidence presented in THE State Court preceeding. And 28 USC 2254 (e)(2)(B), BECAuse THE FACTS Underlying THE CLAim Would Be Sufficient TO establish By CLEAR And Convincing Evidence THAt But For Constitutional ERROR, NO REASonAble FactFinder Would NAVe Found THE Applicat guilty OF THE Underlying OFFENSE. And Finally THE Court SHould Review THis Ground under 28 USC 2254 (F) BECAuse THE defendant does CHAllenge THE Sufficiency OF THE Evidence Adduced in SucH State Court preceeding TO Support THE State Courts determination OF A FactuAl issue made THEREIN ......

AS TO Ground Four, THE Court SHould Review THis Ground under 28 u.s.c. 2254 (B)(ii) Because Cir-cumstances Exist THAT Render Such process ineffective To protect THe Rights of THe Applicant, 28 usc 2254 (d)(1) Resulted in A decision THAt WAS Contrary TO, or involved An unreasonable Application of Clearly Established Federal Law As determined By THe Supreme Court of THe United States, 28 u.s.c. 2254 (d)(2) Because THe Courts Ruling Resulted in A decision THAT WAS Based On An unreasonable determination of THe Facts in Light of THe Evidence presented in THe State Court proceeding; And 28 usc 2254 (B) Because THe Facts underlying THe Claim Would Be Sufficient To Establish By Clear and Convincing Evidence THAT But For Constitutional Error, No Reasonable FactFinder Would Have Found THe Applicant guilty of THe underlying OFFense.

Ground ONE:   Ineffective Assistance of Counsel - Coercion

Supporting Facts :

(A) 1). Counsel Continually Told defendant THAT He Had no Chance of winning A Trial and if He did not plead guilty To Raping Kristen Ballalar, He would Be Found guilty and Being Found guilty, He would Be Sentenced To Life in prison.    Additionally He Advised defendant prior To and during Trial THAT THe State Had Alot of damning Evidence Against Him, Knowing Full Well THIS WAS A Lie.  A93.

2)  Counsel deliberately misRepresented THe Facts of THIS case during His opening at Trial WHEN He stated THAT He Believed THe Alleged Rape Victim WAS Raped At Knife point or By A SHARP object A171, Knowing Full Well THAT THe Alleged Victim Never Alleged THAT nor did Any OF THe police Reports Identify A weapon.  A184.

3)  Counsels Comments in Regards To A Knife in HIS opening Amounts To "other Crimes Evidence" and prejudiced defendant Because, At THe Time of His Arrest, Two days After THe Alleged Rape, He Had A pocket Knife on Him WHich WAS Confiscated By Police and introduced Into Evidence AT Trial.  A218      Here, THe "other crimes Evidence" would Have Been possession of A deadly weapon during THe Commission of A Felony.  Carrying A Concealed deadly weapon.

4) Counsel Refused TO object TO Any OF THE Knives Admitted into Evidence OR THE Testimony THERETO in Spite of THE Fact THAT NO Factual Evidence Existed THAT would show THAT A Knife was involved in Any of THE Crimes defendant was charged with. OR more Specifically, That THE Knife in defendant Possession upon His Arrest was Connected to Any of THE Crimes.

5) At Trial, THE State offered into evidence Two Knives differing in SHape and Size Even THough defendant only owned one Knife. THE State Alleged Both Knives were one And THE Same But THey differed in SHape and Size, Counsel would Not object or point THis out TO THE Jury Even After defendant Asked Him TO.  (A233) (A234).

6) Counsel issued NO Subpoenas TO Any defense witness Although He was Asked TO do so and, mid-TRial, Eliminated THE States DNA Expert witness who excluded defendant AS A Contributer TO THE Sole pubic Hair Found in Alleged Rape Victims underwear. THESE witnesses would Have Bolstered His defense and He Had A Constitutional Right TO Subpoena THEM. WASHington V. TEXAS, 87 Sct. 1920. A226. A227. DEFENDANT WAS NEVER Advised of His Right TO Supoena witnesses By THE Court OR Counsel.

7) Counsel would not obtain All discoverable evidence Relavant TO THE defenses's position NOR SHare THIS

INFORMATION with defendant. A97.

8). Counsel Refused To investigate an Alleged Rape That Happened on September 18, 1998, Just Four days prior To The Bakalar Rape. This incident Happened in The Exact Same Area with The Exact Same modus operandi only The physical description was different From That of defendant. This Alleged victim Identified Her Attacker As Being Between 19-25 years old with Blonde Hair. A154. Defendant was 36 years old At The Time of The Crime with dark Brown Almost Black Hair, and was Never Identified By This Eye Witness. Counsel Never interviewed This witness, Nor did He Ever obtain The Written Report Taken By DNREC Officer John T. Cuales who interviewed This witness. A97.

9). Counsel made No Effort To Force The State To Turn over The Aforementioned discovery material Contained in His May 21st, 2003 Letter. A97. The State Refused To disclose This Evidence in Violation of Brady v. maryland, 83 Sct. 1194 (1963). Strickland v. washington, 104 Sct. 2052.

Defendant Argues That Counsel Actions denied Him The Right To effective assistance Of Counsel under The 6th Amendment To The United States Constitution and Undermined His Confidence in His defense. Strickland V. Washington, 104 Sct. 2052.

Furthermore, defendant was deprived Of The information That was Relevant and material To His Ability To present A meaningful defense denying Him His Rights To due process under The 14th Amendment To The United States Constitution. U.S. V. Cronic, 104 Sct. 2039.

Defendant was denied His Right To Be protected From Self incrimination and His Right To Be Free From Coercion. As outlined in The 5th and 8th Amendments To The United States Constitution. Arizona V. Fulminante, 111 Sct. 1246.

Defendant Further Argues That a guilty plea is open To Attack on The ground That Counsel did not provide The defendant with Reasonably Competent Advice. U.S. V. Stubbs, 6th Cir. (2002), 279 F3d 402.

Ground Two: Ineffective assistance of Counsel —
Illegal Sentence

Supporting Facts:

(A) 1) When Sentenced, The Court ordered defendant To Complete
The unexpired portion of a previous Sentac Sentence Before
He Could Begin To Serve His New Truth and Sentencing Sentence
in violation of 11 Del. C. § 4216(a) .A25. A28. A256.
    2) Counsel knew defendants Sentence To Be entirely illegal
But Failed To Raise This Aspect of The illegal Sentence on
direct Appeal.    (Case No 387, 2002 )

Defendant argues His Right To effective assistance of Counsel
was denied Him under The 6th Amendment To The United
States Constitution, Strickland V. Washington, 104 Sct. 2052,
And His Rights To due process were Violated As outlined
in The 14th Amendment To The United States Constitution
Because defendant Has A Right To A Legal Sentence and
To Know How His Sentence will Be Structured. Without This
information His plea Cannot Be entered into Knowingly and
Voluntarily. Brown V. State, Del. Supr. 250 A2d 503 (1969).
McCarthy V. United States, 394 US. 459 (1969). Hill V. Lockhart,
106 Sct. 366.

GROUND THREE: Legal and Factual Innocence
                Insufficient evidence to Sustain a Conviction

Supporting Facts:

(A) 1). Alleged Rape Victim, Kristen Bakalar, Never Identified defendant as her Attacker. ~~2004~~. A174.

2). Alleged Rape Victim Bakalar Testified to being Shaved in Her pubic Region.  A179 - A180.

3). Alleged Rape Victim Bakalar was a virgin at the time of the incident.  A176.

4). DNA Samples Collected From Both defendant and Ms. Bakalar, Excluded defendant as Being a Contributer to all Samples Collected and Analyzed at That Time. A103 - A111.

5) Nuclear DNA Analysis was Conducted on the only piece of Tangible Forensic evidence Found on the Victim. This was a Single pubic Hair Found in the Victims underwear.  Although the Test proved inconclusive, it did detect the presence of the "y" Chromosome which is Found only in the Genetic material of a male and always absent in the Genetic makeup of a woman. A113. A141 - A142.

P.30

6). Because Nuclear DNA proved inconclusive as to Identity of the Alleged Rapist, a more Advanced Test was Conducted; That of mitochondrial DNA Analisis. mitochondrial DNA Excluded defendant as the source of the pubic Hair in question, A115, Every Human Being within defendants material lineage, A150, and The Alleged Victim, Kristen Bakalar, Herself. A141,

7). All DNA Tests were performed by the State. mitochondrial DNA Tests were Ruled Relavant and Reliable By the Superior Court. A118-140.

8). Police Allege Ms. Bakalar was Raped Between 2130 and 2140 on September 22, 1998. A152. Defendant Told police He was Home during That Time Frame Talking to a Co-worker, Teresa maahs, and Her Caller I.D. would prove This. police Contacted Ms maahs and She Confirmed defendants Alibi. A157. police Also Attempted To print out, and/or memoralize the Caller I.D., and Although They Claim They Could not, They did Confirm defendants Alibi Because They Saw the Caller I.D. A102. Furthermore, defendant Lived Approximatley 2½ miles From the crime Scene And did not own a Car. A169.

Defendant has shown that he has a colorable claim of actual innocence. Mayfield v. U.S. 659 A2d 1249 (1995), and because of this, he must be allowed to raise this claim for the first time on post-conviction. Smith v. Murray, 477 U.S. 527, Additionally, he need not meet the Cause and prejudice requirement because he is asserting his actual innocence. Sawyer v. Whitley, 112 S.Ct. 2514, 2518-20.

The standard and scope of review for granting Habeas Corpus claim based on insufficiency of evidence to support conviction is whether, after viewing evidence in a light most favorable to the prosecution, any rational trier of fact could have found beyond reasonable doubt essential elements necessary to support conviction. Hollines v. Estelle, (Texas), 569 F. Supp. 146 (1983).

Defendant is not required to show that he is actually innocent of the crime he was convicted of committing, instead he must show that a court cannot have confidence in the outcome of trial. Carriger v. Stewart, 132 F3d at 478 (9th Cir. 1997)(En Banc), (quoting Schlup v. Delo, 513 U.S. 298 at 316 (1995). Defendant must prove only that a constitutional violation "probably resulted" in the conviction of an innocent person. Schlup v. Delo, 513 U.S. 298. Given the facts presented within this petition,

defendant argues that the following Constitutional violations probably resulted in the conviction of an innocent person. U.S.C.A. 5, 6, 8, 14.

Additionally, State Superior Court and State Supreme Court had a duty to decide Collateral Claims on the merits if a defendant establishes that he has a Colorable Claim of Actual innocence. Mayfield v. United States, 659 A2d. 1249 (1995). Smith v. Murray, 477 U.S. 527, 537, 106 Sct. 2661 (1986).

GROUND FOUR:   Supreme Court Ruling was Contrary
TO Clearly Established Federal Law entitling petitioner
TO Habeas Corpus Relief where THE merits OF THE claim
were meritorious And THE Courts NEVER applied THE
Collateral Doctrine TO An Actual innocence Claim.

Supporting FACTS:   Under THE exception TO THE Cause
And prejudice Requirement. THE TRIAL Court must
decide Collateral Claims Based on THE merits iF THE
defendant establishes THAT HE HAS a Colorable Claim
OF Actual innocence.  MAYField v. United States,
659 A2d. 1249; Smith v. Murray, 477 U.S. 527,
537, 106 Sct. 2661, 2667-68 (1986), SAWYER v
Whitley, 112 Sct. 2514, 2518-20 (1992); MURRAY
v. CARRIER, 106 Sct. 2639, 477 U.S. At 496.
Neither THE Superior Court NOR THE State Supreme
Exercised its duty TO decide defendants Claim
OF Actual innocence Based on THE merits; In
Fact THE merits OF THis Claim Went Totally
ignored.   See THE merits OF defendants Claim
in Ground THREE OF THis Habeas Corpus And THE
Supreme Courts decision At A-262-263.

William J. Hammons
#166138
DeL. Corl. Ctr.
1181 Paddock Rd.
Smyrna, DE. 1980l

United States District Court
District of Delaware
844 King St.
Wilm., De. 1980l

Legal Mail

Date