IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **WILLIAM J. HAMMONS**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 05-718-KAJ |
| | : | |
| **THOMAS L. CARROLL**, | : | |
| Warden, and **CARL C. DANBERG**, | : | |
| Attorney General for the State of Delaware, | : | |
| | : | |
| Respondents.[1] | : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

In September 1998, the petitioner, William J. Hammons, was arrested and subsequently indicted on charges of first degree rape, attempted first degree rape, first degree kidnapping and related offenses. *See* Del. Super. Ct. Crim. Dkt. Items 1 & 7 in ID No. 9809019760. On June 13, 2002, the second day of his Superior Court jury trial, Hammons entered into a plea agreement with the State. In accordance with the plea agreement, Hammons pled guilty to the lesser-included offenses of second degree rape and first degree unlawful imprisonment, as well as third degree assault. Hammons was immediately sentenced to an aggregate of twenty-three years in prison (the first ten of which are mandatory). *See Hammons v. State*, 2003 WL 21145793 (Del.). The Delaware Supreme Court affirmed Hammons' conviction and sentence on direct appeal. *Id.* In September 2003, Hammons applied *pro se* for state postconviction relief under Superior Court Criminal Rule 61. *See State v. Hammons*, 2003 WL 23274833 (Del. Super.

---

[1] *See* FED.R.CIV.P. 25(d)(1). Attorney General Carl Danberg assumed office on December 8, 2005, replacing former Attorney General M. Jane Brady, an original party to this case.

Ct.). On December 29, 2003, Superior Court declared Hammons' motion to be noncompliant and returned the motion to him with instructions to file an amended petition in conformance with the court's procedural rules. *See id.* Hammons successfully filed an amended motion for postconviction relief on April 5, 2004. Super. Ct. Crim. Dkt. Item 171. Superior Court then denied the motion and Hammons appealed. *See Hammons v. State*, 2004 WL 534920 (Del. Feb. 10, 2005). The Delaware Supreme Court affirmed the decision of the Superior Court on September 25, 2005. *Id*.

Facts

As detailed by the Delaware Superior Court, *State v. Hammons*, 2001 WL 1729119 at *1, the facts leading to Hammons's arrest and conviction are as follows:

> On September 22, 1998, at approximately 10:00 p.m., a young woman was attacked while walking alone in the 200 block of Papermill Road in Newark, Delaware. According to the Affidavit of Probable Cause, as the victim walked by a wooded area, an unidentified white male [footnote omitted] emerged, then put something in the victim's back and threatened her to do as he said. The unidentified attacker then placed a colored t-shirt over the victim's head and forced her to engage in oral and vaginal intercourse. When he was finished, he let the victim go.
>
> Two days later, on September 24, 1998, at approximately 11:00 p.m., a second victim was attacked on New London Road in Newark, Delaware, as she was walking to her apartment from her parked car. The police report indicates that a male seized the victim by her throat and arms and attempted to drag her into the bushes alongside a house. This victim was able to fight off the attacker. The attacker did not make a demand for money or property from her. While the attacker ran away toward New London Road, the victim was able to observe him as he passed under a street light.
>
> Less than an hour after the September 24, 1998 attack, an officer observed a male matching the description of the assailant given by the second victim. The Affidavit of Probable Cause indicates that the assailant initially gave the name of Gregory Broadwater, but later admitted that his real name was Jesse Allen Hammons, after the second victim positively identified him. [footnote omitted]

2

On September 28, 1998, the Newark Police Department was informed by an employee of Gander Hill that the individual arrested and charged as Jesse Allen Hammons was in fact William Hammons, the brother of Jesse Allen Hammons. Further investigation by a detective of the Newark Police Department resulted in a statement by an independent witness implicating the defendant. According to a former cellmate of William Hammons, Harry Smith, Defendant confided to Smith that he had raped a girl on Papermill Road and threw her shirt away because it had semen on it. Hammons also told Smith that he had made the victim perform oral sex and that he had plucked out his pubic hairs. Smith further stated that the Defendant also told him about the attack at New London Road. In addition, Hammons admitted to Smith that he used his brother's name when he was arrested.

Discussion

In his petition for federal habeas relief, Hammons raises four grounds for relief: (1) he was coerced into pleading guilty due to the ineffective assistance of his trial counsel in making a prejudicial opening statement, failing to make various objections at trial, failing to properly investigate, and failing to compel the state to provide additional discovery materials (D.I. 1 at 24-27); (2) his appellate counsel was ineffective because he failed to raise a claim of illegal sentence on direct appeal (D.I. 1 at 28); (3) Hammons claims actual innocence (D.I. 1 at 29-32); and (4) the Delaware Supreme Court failed to consider his actual innocence claim on the merits (D.I. 1 at 33).

*Claim 1 – Ineffective assistance of counsel*

A state petitioner seeking federal habeas relief must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Alston v. Redman*, 34 F.3d 1237, 1241-42 (3d Cir. 1994). Hammons presented his claim of ineffective assistance of trial counsel to the Delaware Supreme Court on appeal from the denial of his state postconviction motion, thus exhausting this claim. *See Smith v. Digmon*, 434 U.S. 332, 333-34

3

(1978); *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984). Hammons' claim, however, does not provide a basis for relief.

Section 104 of Title I of the Antiterrorism and Effective Death Penalty Act of 1996, codified as 28 U.S.C. § 2254, restricts the scope of collateral review of convictions and sentences for persons in custody pursuant to the judgment of a state court. As amended, § 2254(d) states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceeding unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Hameen v. State of Delaware*, 212 F.3d 226, 235 (3d Cir. 2000); *Werts v. Vaughn*, 228 F.3d 178, 196-97 (3d Cir. 2000); *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 885 (3d Cir.) (*en banc*), *cert. denied*, 528 U.S. 824 (1999) (determining the standard of review governing petitions for a writ of habeas corpus under revised § 2254(d)). Thus, under revised § 2254, a habeas petitioner is not entitled to relief unless he can establish that the decision of the state court was contrary to, or involved an objectively unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir.), *cert. denied*, 537 U.S. 1049 (2002); *Matteo*, 171 F.3d at 885; *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 434 (D. Del. 1998). Moreover, factual determinations by state trial and appellate courts are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual

grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding. *See* 28 U.S.C. §§ 2254(d)(2), (e)(1). *See also Williams,* 529 U.S. at 402-13; *Affinito v. Hendricks*, 366 F.3d 252, 256-57 (3d Cir. 2004); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000), *cert. denied*, 531 U.S. 1084 (2001).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court articulated a two part test for evaluating an ineffective assistance of counsel claim. First, a petitioner must demonstrate that counsel's performance at trial or on appeal fell below "an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). In evaluating whether counsel performed reasonably, a court "must be highly deferential." *Id.* at 689. Therefore, a petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quotation omitted). Second, a petitioner must illustrate that counsel's ineffective performance caused prejudice. *See Strickland*, 466 U.S. at 687. In order to demonstrate prejudice, the petitioner must show that but for counsel's unprofessional errors, there is a reasonable probability that he would not have pled guilty, but would have insisted on proceeding to trial. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). The *Strickland* analysis for a claim of ineffective assistance of counsel constitutes clearly established law under revised § 2254(d). *See Gattis v. Snyder*, 46 F. Supp. 2d 344, 379 (D. Del. 1999); *Lawrie*, 9 F. Supp. 2d at 434-35; *Dawson v. Snyder*, 988 F. Supp. 783, 818 (D. Del. 1997). In this case, the Delaware state courts correctly identified the two-prong *Strickland* standard applicable to Hammons' ineffectiveness claims. Thus the state supreme court's denial of the claims was not contrary to clearly established federal law. *See Williams*, 529 U.S. at 406.

Moreover, the state courts reasonably applied the rule to the specific facts of Hammons' case. *See* 28 U.S.C. § 2254(d)(1). Hammons asserts that he was coerced into accepting a plea

5

by the ineffectiveness of his trial counsel.  In support of his claim, Hammons lists numerous complaints concerning his counsel's pre-trial and trial performance.  The state court, properly analyzing Hammons' claim under *Strickland/Hill*, found "no error on the part of Hammons' counsel that coerced Hammons into pleading guilty rather than continuing with his trial." *Hammons*, 2005 WL 2414271 at *1.  This decision was not an unreasonable application of the *Strickland/Hill* framework.

In the first instance, Hammons complains that his counsel conceded in his opening statement that the first victim was forced at knife point, or a sharp object, to comply with her attacker.  This concession, Hammons contends, allowed the jury to infer that the pocketknife found in Hammons' possession at the time of his arrest could have been used during the rape.  The victim, Kristen Bakalar, testified at trial that she felt "something pointing in my back."  A175.[2]  Defense counsel's reference to the anticipated testimony of the victim was entirely proper.  Hammons also contends that his counsel should have objected to the admission of his pocketknife into evidence at trial because it amounted to evidence of other crimes.  As noted by the trial court, however, there was no basis for an objection because carrying a pocketknife does not constitute a crime in Delaware.  *See Hammons*, 2004 WL 1874692 at *2 n.5.  Thus, regardless of counsel's reference to "knifepoint" in his opening statement, the jury heard that the victim felt a pointy object against her back and that Hammons possessed a knife.  Moreover, contrary to Hammons' allegations, no other knives were admitted into evidence at trial.  In any case, Hammons does not contend that he did not possess a knife when he was arrested, and his defense at trial was that he was not the rapist.

---

[2] All references to "A" refer to Appellant's Appendix in *Hammons v. State*, Del. Supr. Ct., No. 458, 2004.

6

Hammons also complains that his trial counsel failed to subpoena any defense witnesses and "eliminated the State's DNA expert witness" who had excluded Hammons and the victim as contributors of the pubic hair discovered in the victim's underwear. D.I. 1 at 25. Defense counsel entered into a stipulation with the prosecution that included the information that DNA analysis had been done on the hair and that the hair did not belong to the victim or Hammons. *See* A226-27. Thus, the jury heard that there was no DNA evidence linking Hammons to the rape victim. Not only does Hammons fail to articulate why the decision to present the jury with a stipulation rather than a live witness was unreasonable, he also fails to explain why, but for the stipulation, he would not have pled guilty but continued with the trial. As to counsel's failure to subpoena defense witnesses, Hammons pled before the defense case began, thus foreclosing the possibility of presenting any defense witnesses.

Hammons claims that his counsel failed to obtain all discoverable evidence and failed to provide discovery to him. D.I. 1 at 25-26. The trial court found this claim to be without a factual basis. *See Hammons*, 2004 WL 1874692 at *2. Further, Hammons claims that his counsel failed to investigate an uncharged rape that occurred four days prior to the Bakalar rape. D.I. 1 at 26. The trial court found that the report of the earlier rape contained "both damaging and exculpatory evidence, which had a very real chance of confusing and inflaming the jury." *Id*. Thus, the court found that defense counsel's decision to avoid disclosure of the earlier rape "was a wise trial decision." *Id*. In any case, Hammons pled guilty prior to the presentation of the defense case, precluding his counsel from revisiting the issue at that point.

The Delaware Supreme Court, in reviewing the transcript of Hammons' guilty plea colloquy, noted that Hammons denied he had been threatened or forced to plead guilty. *Hammons*, 2005 WL 2414271 at *1. Although originally stating that his counsel's representation

7

had been "adequate," Hammons subsequently indicated that he had been "satisfied" with the representation. *Id*. Both the trial court and the state supreme court found Hammons' guilty, entered after both victims had testified, was knowing and voluntary. Hammons failed to establish that his trial counsel's performance was deficient. Moreover, Hammons manifestly failed to demonstrate any prejudice resulting from the alleged deficiencies. Thus, the state court's decision to deny Hammons' claim of a coerced plea is not an unreasonable application of *Strickland/Hill*, and the claim should be dismissed.

*Claim 2 – ineffective assistance of counsel – illegal sentence*

In his second claim, Hammons contends that his counsel failed to raise a claim on direct appeal that Hammons' sentence was illegal because he should not have been ordered to complete the unexpired portion of a previous sentence before serving the newly imposed sentence. D.I. 1 at 28. In 1983, prior to the enactment of the Truth-in-Sentencing Act of 1989 ("TIS"), Hammons received a sentence for attempted rape. *Hammons*, 2005 WL 2414271 at *2. Section 4216(a) of Title 11 of the Delaware Code requires that Hammons' 1983 pre-TIS sentence be suspended while he serves his 2002 TIS sentence. Nevertheless, Hammons was sentenced to complete his 1983 sentence prior to serving his 2002 sentence. A23-25. Hammons alleges that because he was not informed how his sentence would be structured, his plea was not knowing or voluntary. D.I. 1 at 28. To the extent that Hammons is raising a claim of ineffective assistance of appellate counsel, Hammons failed to raise the claim in state court and that claim is thus unexhausted. *See Gibson v. Scheidemantel*, 805 F.2d 135, 139 (3d Cir. 1986). Because Hammons would be procedurally barred from raising the claims in a second state postconviction motion,[3] however,

---

[3] *See* DEL. SUPER. CT. CRIM. R. 61(i)(1) (motion for postconviction relief must be filed within 3 years after the judgment of conviction is final) (this rule has since been amended to require filing

exhaustion is excused. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Castille*, 489 U.S. at 351-52; *Lawrie*, 9 F. Supp. 2d at 454. Nevertheless, federal habeas review of this claim is barred unless Hammons establishes cause for his procedural default in the state courts and actual prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir.) *cert. denied*, 504 U.S. 944 (1992); *Johnson v. Ellingsworth*, 783 F. Supp. 215, 218-21 (D. Del. 1992). To establish prejudice under the cause and prejudice standard, a petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray v. Carrier*, 477 U.S. 478, 493-94 (1986) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982). Hammons has not alleged cause for his failure to raise this claim in state court, and the claim can be dismissed on that basis alone. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *McLaughlin v. Carroll*, 270 F. Supp. 2d 490, 501 (D. Del. 2003).

To the extent that Hammons is claiming that his counsel was ineffective because he failed to inform Hammons that his sentence was illegal, that claim was presented to the state supreme court on appeal from the denial of Hammons' state postconviction motion and is thus exhausted. *See Digmon*, 434 U.S. at 333-34; *Swanger*, 750 F.2d at 295. Under *Strickland/Hill*, a claim may often be disposed of by considering the prejudice prong first. *See Strickland*, 466 U.S. at 697. The Delaware Supreme Court, finding that there was no valid factual predicate for the claim and consequently no prejudice to Hammons, found the claim to be without merit. *See Hammons*, 2005 WL 2414271 at *2. Thus, in first considering whether Hammons was prejudiced by his

---

within 1 year for cases where the judgment of conviction became final after July 1, 2005); 61(i)(2) (any ground not asserted in a prior postconviction proceeding is thereafter barred).

counsel's failure to object to the sentence, the state court correctly identified the relevant United States Supreme Court precedent.

Hammons complains that his counsel should have objected to the requirement that Hammons complete his previous sentence before serving the sentence imposed in this case. D.I. 1 at 28. The state court, however, found that regardless of the order in which Hammons serves his various sentences, he is entitled to the same amount of good time credit.[4] *See Hammons*, 2005 WL 2414271 at *2; *see also Hammons*, 2003 WL 21145793 at *1. Thus, Hammons suffered no prejudice from his counsel's failure to object to Hammons' "illegal" sentence. In light of Hammons' failure to articulate any prejudice from his counsel's alleged deficiency, the state court's decision that Hammons' claim was without merit is a reasonable application of the *Strickland/Hill* framework, and this claim should be dismissed.

*Claims 3 & 4 – actual innocence*

In his final two claims, Hammons asserts that he is legally and factually innocent and that the state court should have considered this claim on the merits. *See* D.I. 1 at 29-33. These claims, however, are not cognizable in federal habeas. A claim of actual innocence is not itself a constitutional claim. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Federal courts may entertain an application for a writ of habeas corpus only on the ground that the petitioner is in custody in violation of the federal constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). "[F]ederal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution, and not to review questions of guilt or innocence." *United States v. Garth*, 188 F.3d 99, 108 (3d Cir. 1999) (citing *Herrera*, 506 U.S. at 404) (internal quotations omitted); *see*

---

[4] "State courts are the ultimate expositors of state law . . . ." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975); *accord Lambert v. Blackwell*, 387 F.3d 210, 239 n.24 (3d Cir. 2004); *Humanik v. Beyer*, 871 F.2d 432, 436 (3d Cir. 1989).

*also Fielder v. Varner*, 379 F.3d 113, 122 (3d Cir. 2004); *De Martino v. Weidenburner*, 616 F.2d 708, 711 (3d Cir. 1980) (finding the existence of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus).  Thus, Hammons' claim that he is factually innocent, absent an independent claim of a constitutional violation in the underlying criminal proceeding, is not cognizable in federal habeas and should be dismissed. *See Herrera*, 506 U.S. at 400.

Further, Hammons complaint that the state supreme court did not address his innocence claim on the merits is similarly not cognizable in federal habeas.  Hammons presented his claim of actual innocence to the state courts in his postconviction motion, and then on appeal from the denial of that motion.  *See Hammons*, 2005 WL 2414271 at *2; *Hammons*, 2004 WL 1874692 at *3.  The Delaware Supreme Court found that Hammons voluntarily entered into a plea agreement, and thus there was no merit to his claim of innocence.  *See Hammons*, 2005 WL 2414271 at *2.  Now, Hammons contends that the state court should have considered the merits of his claim.  Allegations of error in state postconviction relief proceedings, however, cannot serve as the basis for federal habeas relief.  *See Chaussard v. Fulcomer*, 816 F.2d 925, 932 (3d Cir. 1987); *Lawrie*, 9 F. Supp. 2d at 449-50; *Dawson*, 988 F. Supp. at 826; *Ross v. Carroll*, 2003 WL 1906304, *3 (D. Del.); *see also Lambert*, 387 F.3d at 237-39.  Consequently, this claim should be dismissed.

Conclusion

Based upon the Superior Court docket sheet, it appears that transcripts of Hammons' November 27, 2000 hearing regarding a defense motion for admission of DNA results; November 28, 2000 suppression hearing; the court's ruling from November 28, 2000; trial (June 11-12, 2002); and plea colloquy and sentencing (June 13, 2002) have been prepared.  In the

event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date:  February 3, 2006