Not Reported in F.Supp.2d                                                                                                  Page 1
Not Reported in F.Supp.2d, 2003 WL 1906304 (D.Del.)
**(Cite as: 2003 WL 1906304 (D.Del.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
James Lee ROSS, Petitioner,
v.
Thomas CARROLL and M. Jane Brady, Respondents.
**No. Civ.A. 02-461-JJF.**

April 15, 2003.

James Lee Ross, Petitioner, pro se.

Thomas E. Brown, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware, for Repondents.

*MEMORANDUM OPINION*
FARNAN, J.

**\*1** Presently before the Court is a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (D.I.2) filed James Lee Ross. For the reasons set forth below, the Court will deny the Petition.

BACKGROUND

In June 1987, after a jury trial in Delaware Superior Court, Petitioner James Lee Ross was convicted of three counts of robbery in the first degree. On August 18, 1987, Petitioner was sentenced to thirty years in prison. On direct appeal to the Delaware Supreme Court, Petitioner's convictions and sentence were affirmed. *Ross v.. State,* 1988 Del. LEXIS 32 (Del.Supr.).

Following the direct appeal, Petitioner filed two state post-conviction relief actions, one in November 1988 and the other in March 1990. The Delaware Superior Court denied both motions, and on appeal, the Supreme Court of Delaware affirmed. *Ross v. State,* 560 A.2d 491 (Del.1989); *Ross v. State,* 588 A.2d 1142 (Del.1991). Subsequently, this Court rejected Petitioner's habeas corpus petition challenging the underlying convictions. *Ross v. Snyder,* D. Del., No. 92-80-JJF, 1992, Farnan, J. (Mar. 1, 1993).

In August 2000, Petitioner filed his third motion for state post-conviction relief in Delaware Superior Court in which he challenged the legality of parole hearings conducted by the Delaware Parole Board. The Delaware Parole Board denied Petitioner parole release on November 16, 1998, and on September 5, 2001. Petitioner unsuccessfully challenged the November parole denial in a separate, previously-filed federal habeas proceeding. *Ross v. Snyder,* D. Del., No. 99-128-JJF, 1999, Farnan, J. (D.Del. Nov. 2, 1999).

In January 2002, a Delaware Superior Court Commissioner recommended that Petitioner's third motion for state post-conviction relief be denied. *State v. Ross,* IK86-10-0071, etc., Rept. & Rec. (Del.Super.Jan. 11, 2002). However, before the Superior Court reviewed the report, Petitioner filed a notice of appeal from the Commissioner's report with the Delaware Supreme Court. The Delaware Supreme Court dismissed the interlocutory appeal for lack of jurisdiction pursuant to Supreme Court Rule 29(b). *Id.* at ¶ 3 & n. 2. In the interim, the Delaware Superior Court adopted the Commissioner's report and denied the Petioner's third motion for state post-conviction relief. *State v. Ross,* Del.Super., No. IK86-10-0071-R3, etc., 2002 Del.Super. LEXIS 418 (Del.Super). Petitioner did not appeal the Delaware Superior Court's Order denying his third motion for state post-conviction relief. Petitioner now appeals the decision of the Delaware Supreme Court dismissing as interlocutory Petitioner's appeal from the Commissioner's report. (D.I. 2 at I).

STANDARD OF REVIEW
A. *Exhaustion and Procedural Default*

The federal habeas statute, in relevant part, provides:
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

**\*2** 28 U.S.C. § 2254(b)(1). Grounded on principles of comity, the requirement of exhaustion of state court remedies ensures that state courts have the initial

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                           Page 2
Not Reported in F.Supp.2d, 2003 WL 1906304 (D.Del.)
**(Cite as: 2003 WL 1906304 (D.Del.))**

opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000), *cert. denied,* 531 U.S. 980 (2001).

To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). A state prisoner must fairly present each of his claims to the state courts. *Id.* at 844-45. A claim has not been fairly presented unless it was presented "at all levels of state court adjudication." *Cristin v. Brennan,* 281 F.3d 404, 410 (3d Cir.2002). If a claim has not been fairly presented, and further state court review is procedurally barred, the exhaustion requirement is deemed satisfied because further state court review is unavailable. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir.2000). Although deemed exhausted, such claims are nonetheless procedurally defaulted. *Id.* A federal court may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

B. *Review Under the AEDPA*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") mandates the following standards of review:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States....

28 U.S.C. § 2254(d). A federal court may issue a writ of habeas corpus under this provision only if it finds that the state court decision on the merits of a claim either; (1) was contrary to clearly established federal law; or (2) involved an unreasonable application of clearly established federal law. *Williams v. Taylor,* 529 U.S. 362, 412 (2000).

DISCUSSION

By his *pro se* Petition, Petitioner raises two grounds for relief: (1) that the Parole Board failed to conduct a proper parole hearing in 1995, thereby causing the 1998 hearing to be delayed (D.I. 2 at X-XIII); and (2) that the state courts erred in the application of Delaware Superior Court Criminal Rule 61 to his third post-conviction motion. (D.I. 2 at I-IX; XIII-XVI).

A. *Untimely Parole Hearing*

In his first claim for relief, Petitioner contends that although he was eligible for parole in 1995, the Delaware Parole Board failed to give Petitioner a hearing until November 1998, thereby violating his due process rights. (D.I. 2 at I). In 1999, Petitioner raised this same claim regarding the untimely parole board hearing in a prior Federal habeas petition before this Court. *Ross v. Snyder,* C.A. No. 99-128-JJF, (Memo Op.) at 2 (Nov. 2, 1999). In that case, the Court denied Petitioner relief. *Id.* Because the Court has previously adjudicated this issue, the doctrine of successive petitions is applicable to the instant Petition.

**\*3** In a petition for habeas corpus, as in any matter governed by equitable principles, "a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks." *Sanders v. United States,* 373 U.S. 1, 17 (1963). Such conduct may include abuse of the writ, failure to exhaust state remedies, or procedural default of state remedies. *Howell v. Snyder,* No. 96-93-SLR, 1997 U.S. Dist. LEXIS 8030, \* 7 (D.Del. Aug. 3, 1997). The United States Court of Appeals for the Third Circuit has determined that of these threshold questions, abuse of the writ should be decided first. *Wise v. Fulcomer,* 958 F.2d 30, 33 (3d Cir.1992).

The federal courts are not obligated to entertain "endless successive petitions." *McCleskey v. Zant,* 499 U.S. 476, 481 (1991). Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, which governs successive petitions, provides in relevant part:

> A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

Sec. 2254 R. 9; *see also,* 28 U.S.C. § 2244(b) ("A claim

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00718-GMS    Document 17-2    Filed 02/03/2006    Page 3 of 3

Not Reported in F.Supp.2d                                                                                          Page 3
Not Reported in F.Supp.2d, 2003 WL 1906304 (D.Del.)
**(Cite as: 2003 WL 1906304 (D.Del.))**

presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."); *McCleskey,* 499 U.S. at 467. A petition for federal habeas relief based on grounds previously raised in a federal habeas petition should be denied as abusive if: (1) the same ground was presented and denied in the previous petition; (2) the determination was on the merits; and (3) the interests of justice do not require the court to revisit the issue. *Sanders,* 373 U.S. at 15. In the instant case, Petitioner previously presented his untimely parole hearing claim, and it was dismissed on the merits. *See Ross v. Snyder,* C.A. No. 99-128-JJF, (Mem.Op.) at 3-4 n .1 (Nov. 2, 1999). Thus, relief can be granted on the instant successive Petition only if the interests of justice require that the claim be reconsidered. The Supreme Court of the United States has held that the interests of justice exception to the doctrine of successive petitions should be applied only in rare circumstances and only when the claims are explicitly tied to the petitioner's actual innocence. *See Schlup v. Delo,* 513 U.S. 298 (1995). Because Petitioner makes no claim of actual innocence in the instant petition, he does not meet this standard. Therefore, the Court concludes that, as to the untimely parole hearing claim, Mr. Ross' Petition is successive. Accordingly, the Court will deny the Petition as to this claim.

B. *Erroneous Application of Rule 61*

Petitioner also claims that the Delaware state courts erred in the application of Delaware Superior Court Criminal Rule 61 to his third post-conviction motion. (D.I. 2 at I-IX; XIII-XVI). Allegations of error in state post-conviction relief proceedings cannot serve as a basis for federal habeas relief. *See Chaussard v. Fulcomer,* 816 F.2d 925, 932 (3d Cir.1987) (collecting cases); *Frazier v. Synder,* C.A. No. 97-114-LON, (Order), *12 (D.Del. Nov. 25, 1998) (collecting cases); *Lazano v. Snyder,* C.A. No. 94-389-SLR, 1996 WL 48432 at *4 (D.Del. Aug. 12, 1996). Accordingly, the Court will deny the Petition as to this claim.

CONCLUSION

***4** For the reasons discussed, James Lee Ross' Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (D.I.2) will be denied.

An appropriate Order will be entered.

*ORDER*

At Wilmington, this 15th day of April 2003, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. Petitioner James Lee Ross' Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (D.I.2) is *DENIED;*

2. Because the Court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), a certificate of appealability is *DENIED.*

Not Reported in F.Supp.2d, 2003 WL 1906304 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:02CV00461 (Docket) (May. 29, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.