Petition under 28 USC § 2254 For Writ
of Habeas Corpus By A person in State Custody

William Jay Hammons,
Petitioner,

V.

Civ. Act. No. 05-718-KAJ

Thomas L. Carroll, Warden,
And Carl C. DanBerg,
Attorney General For The
State of Delaware

Respondents

FILED
FEB 17  11 32 AM '06
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Petitioners Memorandum

Date: 2-14-06

William J Hammons
William J. Hammons
#166139
DEL. CORR. CTR.
1181 Paddock Rd.
Smyrna, De. 19977

# Table of Contents

Page:

Table of Citations . . . . . . . . . . . . . . ii, iii

Nature and Stage of proceedings . . . . . iv

Summary of Arguments . . . . . . . . . . . V

Statement of Facts . . . . . . . . . . . vi, vii, viii

Memorandum . . . . . . . . . . . . . . . . 1 - 11

Conclusion . . . . . . . . . . . . . . . . 11

TABLE OF CITATIONS                    PAGE:

WALKER V. JOHNSTON, 61 Sct. 574 . . . . . . . . . . .3

WALEY V. JOHNSTON, 62 Sct. 964 . . . . . . . . . .3

U.S. V. STUBBS, 279 F3d. 402 (6th CIR 2002) . .3

STRICKLAND V. WASHINGTON, 104 Sct. 2052 . . . . . .3

HERRERA V. COLLINS, 506 U.S. 390 (1993) . . . . . . .6

TRIESTMAN V. U.S., 124 F3d 361 (2nd CIR. 1997) . . .6

U.S. V. GARTH, 188 F3d. 99 (3rd CIR. 1999) . . . . .6,9

GRAHAM V. ANGELONE, 191 F3d. 447 (4th CIR. denied)
120 Sct. 612 (1999) . . . . . . . . . . . . . . . . . . . .6

RUST V. ZENT, 17 F3d. 155 (6th CIR. 1994) . . . . . .6

ALLEN V. NIX, 55 F3d. 414 (8th CIR. 1995) . . . . . . .6

WOOD V. COOK, 523 U.S. 1129 (1998) . . . . . . . . . . .6

ii

# Table of Contents Cont.

Page:

Russell v. State, 734 A2d. 160.
(Del. Supr. 1998) . . . . . . . . . . . . . . . . . . 7

State v. Friend, Del. Super., Cr. A. No.
IN 93-08-0361, Carpenter J., May 12, 1994,
Order at 3, Aff'd, Del. Supr., No. 75, 1996,
Walsh J., (Order)(Citations omitted) . . . . . . . 7

State Ex Rel Holmes v. Court of Appeals,
885 S.W. 2d 389 (Tex. Crim. App. 1994) . . . . 7

Bousley v. United States, 118 Sct. 1604 (1998) . . . . 10

Parke v. Raley, 113 Sct. 517, (1992) . . . . . . . . 10

McCarthy v. United States, 89 Sct. 1166 (1969) . . . 10

Buggs v. United States, 153 F3d. 439 (1998) . . . 10

iii

## Nature And Stage of Proceedings

Petitioner is an inmate at the Delaware Correctional Center in Smyrna, Delaware. On June 13th, 2002, Petitioner entered pleas of guilty to 1 count of Rape 2nd degree, 1 count of Unlawful imprisonment 1st degree, and 1 count of Assault 3rd degree. (Sent. order at A-23).

Petitioner was sentenced immediately to 20 years Level 5 for Rape 2nd to be followed by 2 years Level 4 for Unlawful Imprisonment 1st to be followed by 1 year Level 3 probation for Assault 3rd.

Thereafter, Petitioner, acting pro-se filed a timely notice on 7-11-02 (Dkt. It. #104). On 7-29-02, Counsel filed a formal notice of Appeal. (Dkt. It. #108). On 6-10-03 Delaware Supreme Court affirmed., (Dkt It. #148).

Thereafter Petitioner filed a timely post-conviction motion on 4-5-04, (Dkt. It. #171), which was denied on 8-16-04 (Dkt. It. #182).

Petitioner filed a timely notice of appeal on 10-18-04 in Delaware Supreme Court which was denied on Sept. 28th, 2005. Thereafter, Petitioner filed his District Court Habeas Corpus on 10-13-05. This is Petitioners memorandum of Law.

iv

Summary of Arguments

I.    Ineffective Assistance of Counsel
      Coercion to plea By Counsel

II.   Ineffective Assistance of Counsel
      Counsel Failed to Communicate In
      An Effective Manner With Petitioner
      giving Him A Full understanding of
      Consequences of His plea.

III.  Petitioner is Legally And Factually
      Innocent, Insufficient Evidence to
      Sustain Conviction.

IV.   Supreme Court Ruling was Contrary To
      Clearly Established Federal Law Entitling
      Petitioner To Habeas Corpus Relief Where
      The Merits of The Claims were meritorious
      And The Court Never Applied The
      Collateral doctrine To An Actual Innocence
      Claim.

V

## Statement of Facts

On September 24th, 1998, Petitioner was Arrested And Charged with Assault 3rd Arising From An Altercation He Had with Magdolna Kiskeny Regarding His presence near Her Rented Apartment Building. Additionally, Petitioner Lied About His Name and was Charged with 3 Counts of Criminal Impersonation And 3 Counts of Forgery 2nd For placing The False Name on Finger print Cards.

On September 28, 1998, Petitioner was Arraigned in Court 18 on The Aforementioned Charges And He was Additionally Charged with Attempted Rape And Kidnapping Charges Stemming From The Same incident. Additionally Petitioner was Charged with Raping and Kidnapping Kristen Bakalar, An 18 year old College Co-Ed From Connecticut. Petitioner was indicted on 12-7-98 (Dkt. It. #7), For 11 of The 14 Charges.

Petitioner Remained incarcerated For The 3 Years 9 months Prior To His Trial on 6-11-02. On 6-13-02, mid-way Through Trial, Counsel Eliminated The States DNA Expert As A defense witness (A227) And Advised Petitioner That No Witnesses Would Be Called in His defense So His only

V1

OPTIONS WERE TO plead guilty TO RApING
KRISTEN BAKALAR OR HE Would BE Found
guilty And Be gIVEN LIFE IN pRISON.
   THESE Actions By CounSEL ConVINced
PetitionER THAT, EVEN THough HE KNEW HE
WAS FActually INNOcENT IN THE BAKALAR
INCIdENT And FActuAlly INNOcENT IN THE
Attempted RApE And KidNAPPING IN THE
KESKENY INNOcENT, CounSEL WouLd NoT mount
AN EFFECTIVE defENSE And THAt petitionER
Would INdeed BE Found guilty, So oN
6-13-02 petitionER, upoN CounSELs AdviCE,
pled out.
   ON APPEAL, CounSEL NEVER RAISEd
AN ActuAL INNOcENCE Claim, He oNly
Addressed THE iLLEgALity oF petitioNERS
SENtENCE despIte REpEAted Request FER
petitionER TO do SO. (A99)
   PetitioNERS SENtENCE WAS AFFIRMEd oN
6-10-03 (DKt. It. # 148).    ON 4-5-04
petitioNER dockEted His Rule 61 post- ConvictioN
RELIEF motioN. (DKt. It. # 171), WHICH WAS
dENIEd oN 8-16-04 (DKt. It. # 182).

THEREAFTER Petitioner Filed A Timely
Notice OF Appeal In DELAWARE State Supreme
Court on 10-18-04 (DKt. It. 183), WHich WAS
denied on 9-18-05 (A258).

On 10-13-05 Petitioner Filed THis Petition
For HABEAS Corpus In District Court.

THis is petitioners memorandum In
Support THEREOF.

## Memorandum

In answer to Respondants answer to Petitioners 28 USC 2254 Habeas Corpus, Petitioner Responds as Follows.

### Facts

Petitioner does not dispute Respondants Statement of Facts with the exception that an independant witness, Alleged to have been Petitioners Cell mate, Harvey Smith, was a person that Petitioner Confessed his crimes to. These Alleged Confessions never happened nor was Mr. Smith ever a Cell mate of Petitioners.

### Discussion

Petitioner Raises Four grounds to Relief. (1) That Counsel Coerced him into pleading guilty by stating that if he did not plea he would be found guilty and be given Life in prison Because the State had over whelming Evidence to convict him. Counsel made prejudicial opening statements, Counsel offered other Crimes Evidence; Refused to object to two Knives differing in Shape and Size being admitted into Evidence; Refused to Subpoena witnesses

1

FOR defense Advising petitioner THAT NO WITNESSES
Would Be Called To Testify IN His BEHALF, WAS
NEVER Advised By Counsel or THE Court of HIS
Right To Subpoena Witnesses. Would Not obtain
All discoverable or Evidence. Refused To investigate
A prior Rape THAT Happened IN THE Same AREA
With THE Same modis operandi or To obtain THE
DNREC Report of THis INCIDENT. And Refused TO
Force State TO Turn over AForementioned discovery
Material.    (2) Counsel Failed To object To
defendants illegal Sentence.   (3) Legal, Factual
innocence, insufficient Evidence To Sustain Conviction.
(4) Supreme Court Refused TO Apply Collateral doctrine
To Actual innocence Claim.

AS TO Claim ONE (1), petitioner Alleges
COERCION IN Violation OF His 14th And 8th Amend
ment. Rights To due process, And INEffective
Assistance OF Counsel in Violation OF His 6th
Amendment Rights. Additionally He Asserts
THAt His 8th Amendment Rights were Violated
BECause He WAS COERCED TO CONFESS TO CRimes
HE WAS FActually innocent OF.
        It Should Be Noted HERE THAt Counsel
NEVER denied Telling petitioner THAt THE State

2

Had Alot of damning Evidence Against Him
And That if He did Not plea, He would
defintely Be Found guilty of one of These
"Rapes" And Be Sentenced to life in prison
A93.    Because of The specific Nature of
These Allegations And The Failure of Respondants
To deny or to Account for Thier Failure To
deny Them specifically, petitioner Argues That
They must Be Forced to do so By way of
An Evidentiary Hearing. _WALKER V. Johnston_, 61
Sct. 574. _WALey V. Johnston_, 62 Sct. 964.

In Light of The Factual Evidence Substantiated
By The Record As Argued in Claim Three of
This petition, petitioner Argues That Counsels
Advice For petitioner To plea out was Not
Reasonably Competent Advice, Violating petitioners
5th, 6th, 8th, and 14th Amendment Rights And
should Be open For Attack under _U.S. V. Stubbs_,
279 F3d. 402 (6th Cir. 2002). _STRICKLAND V._
_WASHington_, 104 Sct. 2052.
Petitioner would Also Like to mention Here
That DNA Evidence of The pubic Hair was
with Held From Him By Counsel until 5 months
After He pled out. It was only Then
given To Him Because State Supreme Court
Ordered Counsel To do so; And Even Then

3

Counsel Failed to Advised Petitioner That
the Public Hair in question was That of an
Unknown Caucasian male. In Fact it was
only through His own Investigation Did Petitioner
discover That whenever the "y" Chromosone is
present, it is inheritantly male. (See Exhibits
A113, A141, A142). Contrary to The States
Assertion That The Stipulation at Trial Stated
The DNA Performed on The Hair Exonerated
Petitioner, Petitioner Testifys That DNA
was Never mentioned at all in The Stipula-
tion.

Additionally, Not one of The police witnesses
Would Have qualified to Testify to The DNA
Test Results or to The meaning of The "y"
Chromosones, which makes it Highly Doubtful
That The Jury would Have Heard This
Information. Petitioner Himself didn't
Stumble upon This Information untill After
His plea.

AS TO ground TWO (2), petitioner Argues THAT Counsel WAS AGAIN INEFFECTIVE FOR FAILING TO Advise Him OF THE illegality OF His Sentence.

petitioner HAS A Constitutional Right TO Know How His SENTENCE will BE Structured, and when One Sentence Begins and ANother one Ends.

petitioner will Not Address THis Claim in THE present Reply Brief, Other THAN TO Say His 6th and 14th Amendment Rights were Violated.

AS TO CLAIM THREE, (3), Legal AND Factual INNOCENCE, INSUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION.

Respondents ARGUED THAT ACTUAL INNOCENCE IS NOT, IN ITSELF, A CONSTITUTIONAL VIOLATION Citing HERRERA V. Collins, 506 U.S. 390, 404 (1993) IN Support THEREOF.    IN HERRERA, THE COURT LEFT OPEN THE ISSUE OF WHETHER ACTUAL INNOCENCE WAS A CONSTUTUTIONAL VIOLATION.   THERE THE QUESTION WAS WHETHER it WAS UNCONSTITUTIONAL TO EXECUTE SOMEONE WHO WAS ACTUALLY INNOCENT.    THE Court NEVER directly Addressed THE ISSUE OF WHETHER ACTUAL INNOCENCE IS A CONSTITUTIONAL ISSUE / Violation.

SEVERAL Justices did HOWEVER, RECOGNIZE THAT A PERSUASIVE SHOWING OF INNOCENCE may Entitle A DEFENDANT TO RELIEF IN SOME CASES.

SINCE HERRERA, THE Courts HAVE NOT BEEN IN AGREEMENT AS TO WHAT THE Court Actually Held. THE 2nd, 3rd, 4th, 6th, 8th, AND 9th CIRCUIT Courts HAVE All Recognized THE possibility OF AN ACTUAL INNOCENCE CLAIM.  SEE TRIESTMAN V. U.S., 124 F3d 361 (2nd CIR. 1997). U.S. V. GARTH, 188 F3d 99 (3rd CIR. 1999); GRAHAM V. ANGELONE, 191 F3d 447 (4th CIR. CERT. denied, 120 Sct. 612 (1999). RUST V. ZENT, 17 F3d 155 (6th CIR. 1994). Allen V. NIX, 55 F3d 414 (8th CIR. 1995), Wood V. COOK, 523 U.S. 1129 (1998).         SOME STATE Courts

6

HAVE ALSO RECOGNIZED SUCH A CLAIM. SEE
*RUSSELL V. STATE*, DEL. SUPR, 734 A2d 160 (1999);
*STATE V. FRIEND*, DEL. SUPER. CR. A, NO. IN93-08-
0361, CARPENTER, J., MAY 12, 1994, ORDER AT 3, AFF'D,
DEL. SUPR., NO. 75, 1996, WALSH J., (ORDER), (CITATIONS
OMITTED). ONE OF THE LEADING CASES ON THIS
ISSUE IS *STATE EX REL HOLMES V. COURT OF APPEALS*,
885 S.W. 2d. 389 (TEX. CRIM. APP. 1994), WHERE
TEXAS COURTS RECOGNIZED AN ACTUAL INNOCENCE CLAIM
AND SET FORTH THE PROCEDURES FOR ESTABLISHING IT.
GENERALLY, TO ESTABLISH "ACTUAL INNOCENCE", A
DEFENDANT MUST DEMONSTRATE THAT, IN LIGHT OF ALL
THE EVIDENCE, INCLUDING EVIDENCE NOT PRESENTED TO
THE TRIER OF FACT, IT IS MORE LIKELY THAN NOT
THAT NO REASONABLE JUROR WOULD HAVE CONVICTED
HIM. SEE ALSO 28 USC. 2255; 28 USC 2254
(d)(2); 28 USC 2254(e)(2)(B).

   THE RESPONDANTS ARGUE THAT PETITIONERS CLAIM
THAT HE IS FACTUALLY INNOCENT, ABSENT AN INDEPENDENT
CLAIM OF A CONSTITUTIONAL VIOLATION IN THE
UNDERLYING CRIMINAL PROCEEDING, IS NOT COGNIZABLE
IN FEDERAL HABEAS AND SHOULD BE DISMISSED.
THIS IS SIMPLY NOT TRUE. IN CLAIMS ONE AND TWO
PETITIONER ARGUES HIS 5th, 6th, 8th, AND 14th AMEND-
MENT RIGHTS WERE VIOLATED BECAUSE HIS GUILTY PLEA
WAS COERCED SIGNALLING THAT IT WAS NOT

Knowingly And Voluntarily And intelligently made
Which would Amount To A Constitutional Violation
And would Question The Validity of The under-
Lying Criminal proceedings.

.Additionally part of petitioners Factual innocence
Claim was "insufficient Evidence To Sustain A
Conviction" which Questions The Factual Foundation
of The plea proceedings. Petitioner Further Cited
That His 5th, 6th, 8th, And 14th Amendment Rights
were Violated under This Claim, (see page 32 of
Habeas petition). And Asked This Court To Review
This Claim under 28 USC 2254(d). 28 USC 2254
(e)(2)(B); And 28 USC 2254(F).

Petitioner Admits He is Not A Lawyer And
does Not Know How To Lay out A Claim As well
As A Lawyer would. In Addition To That,
Legal Terminology is difficult For Him To
understand And That's Complicated By The Fact
That Legal Research in The part of prison
He is in is difficult Because His Access To
Legal materials And To The Law Library itself
is Very Limited.

Petitioner Argues His Claims Are Valid And
if The Court Found Any of Them To Be Correct
Which They Are, THEN They would

8

Naturally translate into a violation of petitioners due process rights under the 5th and 14th Amendments. Although Petitioner is ignorant of legal proceedures and arguments to be made, he did mention that his 5th, 6th, 8th, and 14th Amendment Rights were violated in this claim and his two previous claims.

In U.S. v. Garth, 188 F3d. 99, (3rd Cir. 1999) the court held that Garths pro-se petition should not be read so strictly as to obfuscate the claim he is making.

In the instant petition, petitioner asserts that there was no factual foundation for his guilty plea which would equate to an assertion of a due process violation based upon him being sentenced to prison for rape 2nd degree and unlawful imprisonment 1st degree for conduct that the facts show could not have possibly happened by him.

Because a claim of coercion and factual innocence plainly argues that the plea was not knowingly and intelligently made and guilty pleas that are not knowingly

And intelligently made violate due process,
such a claim constitutes a proper constitutional
claim for Habeas Review. Bousley, 118 Sct. at
1607; Parke V. Raley, 506 U.S. 20, 28-29, 113 Sct.
517, 121 L.Ed 2d 391 (1992); McCarthy V. United
States, 394 U.S. 459, 466, 89 Sct. 1166, 22 LEd.
2d 418 (1969); Buggs V. United States, 153 F3d
439, 444, (7th Cir. 1998).

In light of the facts set forth in his
Habeas petition that are supported by the Record,
petitioner argues that he has met the most
stringent burden of proving by clear and convincing
evidence that he is factually innocent of raping
and kidnapping Kristen Bakahar. Schlup V. Delo,
115 Sct. 851, 867; and because he has proven this
his plea and sentence should be vacated and
remanded for further proceedings.

AS TO CLAIM FOUR (4) Supreme Courts Ruling WAS CONTRARY TO Clearly ESTABlISHED FEDERAL LAW ENtitling petitioner TO Habeas Corpus Relief WHERE THE Merits OF His Claim WERE meriterious And THE Court NEVER Applied THE Collateral doctrine TO AN Actual innocent Claim.

FOR THE REASONS Stated in ground THREE and petitioners HAbeas Corpus, THE petitioner Argues THAt THE Court Ruled Contrary TO Clearly ESTAblisHed FedeRal LAW AS outlined in THE CASES Cited in His Habeas petition. 28 USC. 2254(a).

FOR THE Foregoing REASONS, Petitioner Request AN Evidentiary Hearing, His Sentence Be VAcAted And His Case Remanded BACK TO Superior Court.

Date: 2-14-06

William J Hammons
William J. HAmmons
# 00166139
Del. Corr. Ctr.
1181 Paddock Rd.
SmyRNA, DE. 19977

11

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON FEBUARY 14th, 2006, I FILED AN ANSWERING MEMORANDUM TO THE RESPONDANTS ANSWER TO MY HABEAS CORPUS (DISTRICT COURT), BY PLACING SAME IN THE INSTITUTION MAIL AT THE DELAWARE CORRECTIONAL CENTER.

I MAILED THE ORIGINAL TO DISTRICT COURT AND ONE COPY TO THE FOLLOWING:

TO: ELISABETH R. McFARLAN
    DEPUTY ATTORNEY GENERAL
    DEPT. OF JUSTICE
    820 N. FRENCH St.
    WILM., DE, 19801

William J. Hammons
WILLIAM J. HAMMONS
# 166139
DEL. CORR. CTR.
1181 PADDOCK Rd.
SMYRNA, DE. 19977

UNITED STATES POSTAGE

02 1A
0004508975
MAILED FROM ZIP

William J. Hammons
#166139
Del. Corr. Ctr.
1181 paddock Rd
Smyrna, De. 19977

Office of The Clerk
United States District Court
844 N. King St., Lock Box 18
Wilmington De. 19801-3570

Legal Mail