IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM J. HAMMONS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. Action No. 05-718-KAJ |
| ) | |
| THOMAS CARROLL, ) | |
| Warden, and CARL C. ) | |
| DANBERG, Attorney ) | |
| General of the State of ) | |
| Delaware, ) | |
| ) | |
| Respondents. ) | |

**ORDER**

At Wilmington this 21st day of August, 2006;

IT IS ORDERED that:

Petitioner William J. Hammons' motion for the appointment of counsel is DENIED without prejudice to renew. (D.I. 7)

Petitioners do not have an automatic constitutional or statutory right to representation in federal habeas proceedings. See *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991); *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999). A court may, however, seek legal representation for a petitioner "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993)(citing *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. §

3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require").

Here, Hammons seeks the appointment of counsel because he is indigent, he has limited access to the law library, and to help him with DNA testing and discovery procedures. However, after reviewing Hammons' motion and the documents filed in the instant proceeding, I conclude that the "interests of justice" do not warrant the appointment of counsel at this time.

_____
UNITED STATES DISTRICT JUDGE