IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

William J. Hammons
Petitioner

V.

Thomas Carroll, Warden
And Carl C. Danberg, Attorney
General of the State of Delaware

Civ. Action NO. 05-718-KAJ



BD scanned

## Motion For Appointment of Counsel

Comes Now, The Petitioner, William J. Hammons, pro-se and pursuant to The Rules Governing Rule 6, 28 USC 2254 And 18 USC. § 3006 A (g) (a)(2)(B), And moves This Court once again To Appoint Counsel in The Above entitled action. In Support Thereof Petitioner offers The Following:

1) In The States Response To my Habeas Corpus They argue on page 7 (seven) That DNA of The pubic Hair Found in The Alleged Victims underwear

Did not match me or the Alleged Victim and that this information was contained in a stipulation which the Jury heard. They point to Exhibits A226-27 as proof. However, these statements were made outside the presense of the Jury and the acronym D.N.A. was never in any stipulation I signed nor did the stipulation state that the pubic hair did not belong to the alleged victim. I cannot prove this without a Lawyers expertise and assistance because I do not have access to this stipulation and the State, in an effort to decieve this Court, will not produce this document.

2) My trial counsel knew the stipulation did not contain the aforementioned information which would support my coercion claim under ineffective assistance of counsel however I cannot fully develop this claim without the assistance of competent counsel as I am not trained in the law and do not understand legal terminology.

3) TO SUCCEED ON A CLAIM OF FACTUAL INNOCENCE, ONE MUST ASSERT NEW RELIABLE EVIDENCE, WHETHER IT BE EXCULPATORY SCIENTIFIC EVIDENCE, TRUSTWORTHY EYEWITNESS ACCOUNTS, OR CRITICAL PHYSICAL EVIDENCE THAT WAS NOT PRESENTED AT TRIAL OR TO THE TRIER OF FACT, SHOWING THAT NO REASONABLE JUROR WOULD HAVE VOTED TO FIND THE PETITIONER GUILTY BEYOND A REASONABLE DOUBT. Hubbard v. Pinchak, 378 F3d. 333 (3rd Cir. 2004); St. Louis v. Carroll, 429 F. Supp. 2d. 701. (2006 3rd Cir.).

I NEED AN ATTORNEY SO THAT HE CAN ARGUE AND PROVE THAT THE JURY NEVER HEARD ABOUT THE DNA EVIDENCE, WERE NEVER TOLD ABOUT THE SIGNIFICANCE OF THE X Y CHROMOSONES AND THAT NUCLEAR DNA IN THIS CASE SHOWED THE PRESENCE OF THE "Y" CHROMOSONES INDICATING THAT AN UNKNOWN MALE WAS RESPONSIBLE FOR THE SUSPECT PUBIC HAIR, THEY WERE NEVER MADE AWARE OF MY UNSHAKABLE ALIBI WITH RELIABLE EYEWITNESS ACCOUNTS SUPPORTED BY CALLER I.D. INFORMATION THAT WAS CRITICAL PHYSICAL EVIDENCE. SIMPLY PUT, ALTHOUGH I HAVE POINTED OUT THESE THINGS IN THE RECORD, I JUST DO NOT HAVE THE CONFIDENCE THAT

I HAVE THE Ability TO PROVE THESE ARGUMENTS And/OR Fully develope THEM without Competent Counsel.

4) I do Not HAVE ACCESS TO A TRAINED inmate PARALEGAL WHO CAN guide me in LEGAL RESEARCH. Smith v. Bounds, 610 F. Supp. 597

5) HABEAS CORPUS IS ONE OF THE MOST Complex AREAS OF LAW WHEREIN EVEN MOST LAWYERS ARE NOT TRAINED, WHICH puts PRO-SE Litigants At A Substantial disadvantage BECAUSE THEY ARE EXPECTED TO Litigate Confusing issues AGAINST TRAINED, Competent, And Skilled Counsel.

6). WHERE petitioner is Currently Housed, He does not Have Any ACCESS TO most published LAW BOOKS Such AS, Atlantic 2nd, Fed. Supp., Fed. 2nd, Fed. 3rd, ALR, Etc...., And without Access TO Adequate RESEARCH MATERIAL He is At A Substantial disadvantage And is Being denied due process. Smith v. Bounds, 610 F. Supp. 597.

7) Appointing Counsel would best serve the interest of Justice in that it would level the playing field so to speak and give petitioner a fair chance to adequatley present his arguments in competent manner.

8) Petitioner has been ruled indigent by this Court, and cannot afford counsel.

9) As this Court already pointed out, the Court may seek legal counsel for a petitioner "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting .... from [petitioners] probabable inability without such assistance to present facts and legal issues to the Court in a complex but arguably meritorious case." Tabron v. Grace, 6 F3d 147, 154 (3rd Cir. 1993) (Citing Smith-Bey v. Petsock, 741 F2d. 22, 26 (3rd Cir. 1984); 18 USC § 3006 A (a)(2)(B). Petitioner contends that his claims are complex but meritorious and counsel is warranted.

10). Petitioner has been diagnosed with attention deficit disorder and was being treated for this while incarcerated until D.O.C. changed its medical provider. This new medical provided does not allow petitioner to take his formally prescribed medication, Ritalin, which further puts him at a disadvantage because he does not have the comprehension of legal issues and terminology that a normal person would have.

11). Petitioner is illiterate in the law, legal issues/procedures, especially as it pertains to Habeas Corpus, an area of law wherein most attorneys lack skill and training.

Wherefore, for the reasons advanced herein this petitioner requestfully prays this Court appoint him counsel in the interest of Justice so that one who is factually innocent will not be unlawfully deprived of his liberty.

Respectfully Submitted,

William J Hammond

Del. Corr. Ctr.
1181 Paddock Rd
Smyrna, DE. 19977

# CERTIFICATE OF SERVICE

I, William Jay Hammons, Hereby Certify That I Have Served A True And Correct Copy OF THE Attached motion For Appointment OF COUNSEL upon THE Following parties ON THIS 30th day OF August, 2006, By placing THE Same IN THE institutional mailbox at THE Delaware Correctional Center, Smyrna, DE. 19977.

TO: OFFICE OF THE Clerk
United States District Court
844 N. King St. Lockbox 18
Wilm., DE. 19801-3570

TO: Elizabeth R. McFarlan
Deputy attorney General
Dept. OF Justice
820 N. French St.
Wilm., DE. 19801

Date: 8-30-06

William J Hammons
# 166139
Del. Corr. Ctr.
1181 Paddock Rd.
Smyrna, DE. 19977

William Jay Hammons
# 166139
DEL. CORR. CTR.
1181 Paddock Rd.
Smyrna, DE. 19977




OFFICE OF THE CLERK
United States District Court
844 N. King St. - Lock Box 18
Wilmington, DE. 19801-3570

U.S.