In The United States District Court
For The District Of Delaware

William J. Hammons
  Petitioner,

V.                                              Civ. Act. No. 05-718-KAJ

Thomas L. Carroll, et, al
  Respondants,

## Motion For Evidentiary Hearing

Comes Now The Petitioner, William J. Hammons, Pursuant To Rule 8 Governing 28 USC 2254 Habeas Corpus Actions and Request An Evidentiary Hearing Based On The Following:

1). In Claim Three Of His Petition, Petitioner Claimed Insufficient Evidence To Sustain A Conviction. The Respondants Refused To Comply with Rule 5 Governing 2254 Cases And Respond To That Claim.

2). On page seven (7) of thier answer, the Respondants allege a stipulation produced at trial, specifically stated that DNA of a pubic hair found in the alleged victims underwear did not match the DNA of petitioner.

Petitioner argues this is false and a gross misrepresentation of the facts in that the acronym D.N.A. was never mentioned at all in this stipulation. Additionally, instead of just producing this alleged stipulation to prove thier point, the Respondants point to a discussion in the transcripts, made outside the presence of the jury to reinforce thier allegations. (See A226 & A227). Because his claim was very specific in regards to this stipulation form, the form itself needs to be produced at an evidentuary hearing to prove Respondants claim and/or Petitioners.

3). In his original petition, petitioner alleged his counsel made specific misrepresentations of the facts surrounding his case in a deliberate attempt to coerce petitioner into taking a plea. The Respondants never addressed these allegations in thier answer

2

in violation of Rule #5 under 28 USC 2254, nor does the record reflect that Trial Counsel ever responded to these allegations in his affidavit in State Court; Therefore they must be deemed truthful.

4). To succeed on a claim of factual innocence the petitioner must assert new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial or to the trier of fact, showing that no reasonable juror would have voted to find petitioner guilty beyond a reasonable doubt. SCHLUP v. DELO, 115 Sct. 851; Hubbard v. Pinchak, 378 F.3d 333 (3rd Cir. 2004); St. Louis v. Carroll, 429 F.Supp. 2d. 701 (3rd Cir. 2006).

As stated in an earlier motion for appointment of counsel and other motions, the petitioner argues the following facts, substantiated by the record, are new reliable evidence never presented to the trier of fact:

A). Several DNA tests were performed in 1998-1999 all of which excluded petitioner as a contributor of All genetic material. A103-111.

3

B). Nuclear D.N.A. Tests performed on a pubic hair found in alleged victims underwear revealed the presence of the "Y" chromosome which is only found in the genetic make up of males, and never in females which is significant because the alleged rape victim only mentions being attacked by one lone male A113, A141-142. (See Also A174)

C). Mitochondrial DNA tests performed on the same pubic hair conclusively excluded petitioner as a contributor to this genetic material, A115, However it did provide a genetic profile for an unknown suspect.

D). All DNA test were performed by the state. Additionally the mitochondrial DNA tests were ruled relavant and reliable by state Superior Court. A118-A140.

E). Petitioners co-worker, Teresa Maahs told police she was talking to defendant at the same time and date of the alleged rape. A157., And Caller I.D. Information Confirmed this. A102. Additionally petitioner lied over

4

two miles from the crime scene. A169 (see also original date and time of alleged crime A152).

It should also be noted here that the State has never denied any of these facts thus establishing their truthfulness.

5) Petitioners only defense was that he was not the individual who raped Kristen Bakahar and DNA evidence and his alibi would prove this, However, when counsel abandoned his only defense by eliminating expert witness testimony in regards to DNA evidence mid-trial and led petitioner to believe he had no right to call witnesses and therefore none would be called in his behalf, he effectively abandoned petitioners only defense and was ineffective. U.S. v. Swanson, 943 F2d 1070 (9th Cir. 1991). Dorsey v. Kelly, 112 F.3d 50 (2nd Cir. 1997).

6). Without an evidentiary hearing the record will not reflect the aforementioned facts and deprive petitioner of his

5

Constitutional Right To due process.

In Conclusion

Because of the specific allegations made by this petitioner in his original 2254 motion and memorandum, the Respondants failure to respond to and/or give account for thier failure to respond to the allegations an Evidentiary Hearing is warranted for this Court to make a fair assessment of the facts surrounding this case. <u>Walker v. Johnston</u> 61 Sct. 574, <u>Waley v. Johnston</u>, 62 Sct. 964.

Date: 10-12-06

William J. Hammons
#166139
Del. Corr. Ctr.
1181 Paddock Rd.
Smyrna, DE. 19977

## Certificate of Service

I, William J. Hammons hereby certify that I have served a true and correct cop(ies) of the attached: Motion For Evidentiary Hearing - District Court upon the following parties/person (s):

TO: Elizabeth McFarlan
Dept. of Justice
820 N. French St.
Wilm., DE. 19801

TO: Thomas Carroll
Warden
Del. Corr. Ctr.
1181 Paddock Rd.
Smyrna, DE. 19977

TO: _____

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this 12th day of October, 2006

William J. Hammons

William J. Hammons
#166139
Del. Corr. Ctr.
181 Paddock Rd.
Smyrna, DE. 19977

Legal

Clerk
United States District Court
District of Delaware
844 N. King St., Lockbox 18
Wilmington, Delaware 19801-3570

Legal