IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| William Jay Hammons, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. Act. No.05-718-*** |
| ) | |
| Thomas Carroll, Et., Al. ) | |
| ) | |
| Respondents. ) | |

### MOTION TO AMEND MOTION FOR EVIDENTIARY HEARING

Comes now the petitioner, William Jay Hammons, pro-se, and pursuant to rule# 8 of the rules governing 28 USC 2254 actions and request to amend his original Motion for an Evidentiary hearing . In support of this , petitioner offers the following:
. Because petitioner is a novice in pro-se litigation he is constantly trying to research the rules of this court in an effort to present his claims in the most competent manner and in compliance with the rules of this court, for these reasons it sometimes takes the petitioner more time to fully realize his rights and the arguments he needs to present to the court. This sometimes requires that his filings evolve through continuing research. With this in mind petitioner offers the following:

1. In claim three of his petition, petitioner claimed INSUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION. The respondents failed to comply with rule# 5 governing 28 USC 2254 cases which requires that they respond.

2. On page number seven (7) of their answer, the respondents allege that a stipulation produced at trial specifically stated that D.N.A. of a pubic hair found in the alleged victims underwear did not match the D.N.A. of petitioner. Petitioner argues that this is false information and a deliberate attempt to mislead this Honorable court



because the acronym "D.N.A." was never mentioned once in this stipulation. Had this been a truthful statement by the respondents normal procedure for proving their point would simply be to produce the document in question, however the respondents chose instead to point to a discussion in the transcripts that seemed to support their assertions,( see appendix no. A226-A227 ). What the respondents failed to mention was that this discussion was made outside the presence of the jury, meaning that the jury never heard it.

3. In his original petition, petitioner alleged his assigned counsel made specific misrepresentations of the facts of his case To Petitioner in A (1) deliberate attempt to undermine petitioners confidence in his defense so that counsel could coerce him into a plea. In their answer in state and federal court, the state refused to respond to these allegations in violation of rule #5 of 28 USC 2254 cases.

4. To succeed on a claim of FACTUAL INNOCENCE the petitioner must assert new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial or to the trier of fact, showing that no reasonable juror would have voted to find the accused guilty beyond a reasonable doubt. Schlup v. Delo, 115 Sct. 851; Hubbard v, Pinchak, 378 F.3d 333 (3rd cir., 2006 ); St Louis v. Carroll, 429 F. Supp. 2d. 701 (3rd cir. 2006 ). As stated in an earlier motion for appointment of counsel and his Habeas Corpus motion along with other filings, the petitioner argues the following facts, that were never addressed by the state courts in their previous rulings even though they were substantiated by the record, (supplied only by petitioner ), and

(1) Counsel Also made deliberate misrepresentations in Front of the Jury At Trial.

2

must be considered "new reliable evidence" that was never presented to the trier of fact. The following is a list of those facts :

a. Several D.N.A. tests were performed in 1998-1999. All of these tests excluded petitioner as a possible contributor to all genetic material tested at that time. ( A103-111 ).

b. Nuclear D.N.A. tests performed on a pubic hair found in the alleged victims underwear were inconclusive as to the identity of the perpetrator, however this test did show the presence of the "Y" chromosome which is only ever found in the genetic makeup of males and never in females. This is significant because the alleged rape victim only alleged one lone perpetrator. ( A113, A141-A142, and A174 ).

c. Mitochondrial D.N.A. tests were performed on that same pubic hair in question and conclusively excluded petitioner as the source of the hair and matched to D.N.A. profile of an unknown male. ( A-115 ).

d. All D.N.A. tests were performed by the states own experts (one expert in particular who exonerated the petitioner with regard to the tests performed on the pubic hair, over sees the only five accredited D.N.A. laboratories in the United States), and these tests were ruled relevant and reliable by the state superior court prior to trial. ( A118-A140 ).

e. An independent eye witness, Teresa Maahs, reported to police that she was talking to the petitioner at the exact same time and date as the alleged rape, ( A157 ), and her "caller I.D." confirmed this. ( A102 ). Additionally Petitioner lived over two miles away from the alleged rape scene, ( A169 ).

      ( also please see police report of original date and time of alleged incident, A152 ).

  f. Petitioners only defense was that he was not the individual that raped Kristen Bakalar and D.N.A. evidence would prove this along with the aforementioned alibi and other evidence proffered in his habeas petition., however when counsel abandoned this defense mid-trial against petitioners wishes by eliminating the states D.N.A. expert witnesses testimony, this led petitioner to believe that he no longer had a defense. In addition counsel led petitioner to believe that he was not entitled to call witnesses in his behalf which only further undermined petitioners confidence in his defence. U.S. v. Swanson, 943 F.2d 1070, (9th cir. 1991 ); Dorsey v. Kelly, 112 F.3d 50 ( 2nd cir. 1997 ).

5. Petitioner argues that this honorable court should, in the interest of justice show less deference to the state courts findings because the court failed to specifically addressed the aforementioned allegations in its ruling or to hold an evidentiary hearing in either state court in spite of the fact that petitioners claims are colorable in that they allege specific facts, which are true, and warrant relief. Earp v, Oronski, 431 F.3d 1158, 1167 (9th cir. 2005 ), citing Townsend v. Sain, 372 U.S. 293 ( 1963). Petitioner further argues that this honorable court is required to accept as true any factual allegations that are made and supported in federal court when the state courts have made findings against petitioner with out first conducting a hearing. Additionally the state courts findings in this case must be deemed

unreasonable and not binding on this honorable court. (Taylor v. Maddox, 366 F.3rd 992, 1001 (9th cir. 2004).

## IN CONCLUSION

Because petitioner did ask for an evidentiary hearing in state court and clearly stated the reasons why such a hearing was warranted, ( see page #32 of petitioners rule #61 memorandum or appendix number A170 of his habeas corpus), and the courts refusal to hold such a hearing in spite of the fact that petitioner made specific allegations in his original post-conviction complaint and respondents failure to respond to those allegations in their state court answer or in their federal court answer, or to give account for their failure to respond, an evidentiary hearing is warranted for this honorable court to make a fair assessment of the facts surrounding this case. Walker v. Johnson, 61 S.Ct. 574; Waley v. Johnston, 62 S.Ct. 964.

DATE: 6-8-07

William Jay Hammons
#00166139
Delaware Department of Corrections
1181 Paddock Rd.
Smyrna, DE. 19977

## Certificate of Service

I, William Jay Hammons hereby certify that I have served a true and correct copy(ies) of the attached _____ upon the following parties/persons:

To: Elizabeth R. Mcfarlan

Dept. Of Justice

820 N. French St. 19801

To: Thomas Carroll

Del. Corr. Ctr.

1181 Paddock Rd.

Smyrna, DE. 19977

To:

To:

To:

To:

BY PLACING IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correction Center, Smyrna, DE 19977.

On this 8th day of June, 2007

_William Jay Hammons_
William Jay Hammons
SBI # #166139

IM William Jay Hammons
SBI# 166136  UNIT D/E
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

United States District Court
District of Delaware
844 N. King St. - Lock Box 18
Wilmington, DE.
19801