**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WILLIAM J. HAMMONS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 05-718-GMS |
| | ) | |
| THOMAS L. CARROLL, Warden, and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

---

William J. Hammons. *Pro se* petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for respondents.

---

**MEMORANDUM OPINION**[1]

Nov. 9  , 2007
Wilmington, Delaware

---

[1]This case was originally assigned to the Vacant Judgeship, and was re-assigned to the undersigned on October 11, 2007.



Sleet, Chief Judge

## I. INTRODUCTION

Petitioner William J. Hammons ("Hammons") is an inmate at the Delaware Correctional Center in Smyrna, Delaware. Hammons filed the pending petition for a writ of habeas corpus ("petition") pursuant to 28 U.S.C. § 2254. (D.I. 1.) For the reasons discussed, the court will dismiss his petition.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On September 22, 1998, a young woman was raped while walking near the University of Delaware campus in Newark, Delaware. On September 24, 1998, a second victim was attacked in Newark, Delaware as she was walking to her apartment from her parked car. Based on the second victim's identification of the attacker, and the ensuing police investigation, Hammons was arrested and subsequently indicted on eleven charges, including first degree rape, attempted first degree rape, and first degree kidnaping. *State v. Hammons*, 2004 WL 1874692, at *1 (Del. Super. Ct. Aug. 11, 2004). Hammons rejected at least one plea offer, and his case proceeded to a jury trial in the Delaware Superior Court. (D.I. 22, Appellant's App. in *Hammons v. State*, No.458,2004, at A-160.) On the third day of trial, Hammons agreed to plead guilty to the lesser-included offenses of second degree rape, first degree unlawful imprisonment, and third degree assault. The State dismissed the remaining eight charges in exchange for Hammons' plea. *Hammons*, 2004 WL 1874692, at *1.

The Superior Court judge immediately sentenced Hammons to an aggregate of twenty-three years in prison, suspended after twenty years for decreasing levels of probation. The first ten years of the sentence were mandatory. *See Hammons v. State*, 2003 WL 21145793 (Del. May

1

16, 2003). On direct appeal, Hammons argued that his sentence was illegal because he could not
earn good time credit on the mandatory ten year portion. *Id.* The Delaware Supreme Court
rejected this argument and affirmed Hammons' sentence, explaining that Hammons could earn
good-time credit on the mandatory ten years. *Id.*

In September 2003, Hammons filed a motion for post-conviction relief pursuant to
Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court returned the
motion as non-compliant, and instructed Hammons to file an amended motion that conformed to
the court's procedural rules. Hammons filed an amended Rule 61 motion in April 2004,
asserting that: (1) defense counsel intentionally undermined Hammons' defense in order to
coerce him to plead guilty; (2) defense counsel refused to properly communicate and advise
Hammons of the consequences of his plea agreement; and (3) the DNA evidence proved
Hammons' actual innocence. *State v. Hammons*, 2004 WL 1874692 (Del. Super. Ct. Aug. 11,
2004). The Superior Court denied the motion as meritless. *Id.*

Hammons asserted the same three claims on post-conviction appeal to the Delaware
Supreme Court. The Delaware Supreme Court determined that the claims were meritless and
affirmed the decision rendered by the Superior Court. *Hammons v. State*, 884 A.2d 511 (Table),
2005 WL 2414271 (Del. Sept. 28, 2005).

Hammons then filed the pending habeas petition, and the State filed an answer.
Hammons' habeas petition is ready for review.

## III. GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

2

"to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)(internal citations and quotation marks omitted). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see Woodford,* 538 U.S. at 206.

## B. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). AEDPA states, in pertinent part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or
   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one

3

complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at
844-45; *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the
exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the
state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v.
Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997)(citations omitted); *Coverdale v. Snyder*, 2000 WL
1897290, at *2 (D. Del. Dec. 22, 2000). "'Fair presentation' of a claim means that the petitioner
'must present a federal claim's factual and legal substance to the state courts in a manner that
puts them on notice that a federal claim is being asserted.'" *Holloway v. Horn*, 355 F.3d 707,
714 (3d Cir. 2004)(citing *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules
preclude him from seeking further relief in state courts. *Lines v. Larkins,* 208 F.3d 153, 160 (3d
Cir. 2000); *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir. 2001); *see Teague v. Lane,* 489 U.S.
288, 297-98 (1989). Nevertheless, such unexhausted claims are procedurally defaulted. *Lines,*
208 F.3d at 160. Similarly, if a state court refused to consider a petitioner's claims for failing to
comply with an independent and adequate state procedural rule, the claims are deemed exhausted
but procedurally defaulted. *Harris v. Reed,* 489 U.S. 255, 263 (1989); *Werts*, 228 F.3d at 192.

Federal courts may not consider the merits of procedurally defaulted claims unless the
petitioner demonstrates either cause for the procedural default and actual prejudice resulting
therefrom, or that a fundamental miscarriage of justice will result if the court does not review the
claims. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999); *Coleman v. Thompson,* 501
U.S. 722, 750-51 (1991); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate
cause for a procedural default, a petitioner must show that "some objective factor external to the

4

defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner can demonstrate actual prejudice by showing "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, *Bousley v. United States*, 523 U.S. 614, 623 (1998), and is established if no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir. 2002).

## C. Standard of Review Under AEDPA

If a federal court determines that a claim is not procedurally defaulted and the state court adjudicated the federal claim on the merits, the court can only grant habeas relief if the state court's adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250

5

F.3d 203, 210 (3d Cir. 2001). A claim is considered to have been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d)(1) if the state court "decision finally resolv[es] the parties claims, with *res judicata* effect, [and] is based on the substance of the claim advanced, rather than on a procedural, or other ground." *Rompilla v. Horn*, 355 F.3d 233, 247 (3d Cir. 2004)(internal citations omitted), *reversed on other grounds by Rompilla v. Beard*, 545 U.S. 374 (2005).

When reviewing a § 2254 petition, a federal court must presume the state court's determinations of factual issues are correct, unless the petitioner presents clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).

## IV. DISCUSSION

Hammons asserts the following grounds for relief in his petition: (1) counsel provided ineffective assistance during the first two days of his trial in an effort to coerce Hammons into pleading guilty; (2) defense counsel provided ineffective assistance by failing to argue that his sentence was illegal; (3) there was insufficient evidence to support his conviction and/or he is factually and legally innocent of the crimes; and (4) the Delaware Supreme Court's refusal to review the merits of his actual innocence claim was contrary to both Federal and Delaware state law. (D.I. 1; D.I. 20.) The State contends that the court should deny the petition in its entirety because the claims are either meritless, procedurally barred, or are not cognizable on federal

6

habeas review.

## A. Claim one: ineffective assistance of counsel coerced guilty plea

In his first claim, Hammons contends that he was forced to plead guilty due to the fact that counsel performed deficiently in the following eight ways: (1) counsel should not have conceded in his opening statement that the first victim was forced at knife point, or a sharp object, to comply with her attacker, because the victim never alleged that she was forced by knife point or a sharp object and none of the police reports identified a weapon; (2) counsel should have objected to the admission of Hammons' pocketknife into evidence at trial because it amounted to evidence of other crimes, namely, possession of a deadly weapon during the commission of a felony or carrying a concealed weapon; (3) counsel should have objected to the admission of any knives as evidence; (4) counsel did not object to the State's evidence of two knives; (5) counsel did not subpoena the State's DNA expert witness; (6) counsel did not obtain all discoverable evidence relevant to the defense or share the information with Hammons; (7) counsel refused to investigate an uncharged alleged rape that happened on September 18, 1998 with the exact modus operandi but which involved a rapist with a different description; and (8) counsel did not force the State to turn over discovery material identified in counsel's letter dated May 21, 2003. (D.I. 1.)

Hammons presented this claim to the Delaware Supreme Court on post-conviction appeal, and the Delaware Supreme Court denied the claim as meritless. Therefore, Hammons will not be entitled to habeas relief unless the Delaware Supreme Court's decision was either contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

The clearly established Supreme Court precedent governing ineffective assistance of

7

counsel claims in the guilty plea context is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Under the first *Strickland/Hill* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688; *Hill*, 474 U.S. at 58. Under the second *Strickland/Hill* prong, a petitioner must demonstrate there is a reasonable probability that, but for counsel's error, he would not have pled guilty and would have insisted on proceeding to trial. *Hill*, 474 U.S. at 59; *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994). In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-260 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

Here, the Delaware Supreme Court denied Hammons' contention that counsel's ineffective performance coerced him into pleading guilty for three reasons: (1) the record did not contain any evidence that an error by counsel coerced Hammons into pleading guilty rather than continuing with his trial; (2) absent clear and convincing evidence to the contrary, Hammons was bound by the statements he made during the plea colloquy expressing his satisfaction with his counsel's performance; and (3) Hammons received a clear benefit by pleading guilty because the guilty plea resulted in the dismissal of a number of serious felonies that could have resulted in Hammons' imprisonment for life. *Hammons*, 2005 WL 2414271, at *1.

8

As an initial matter, the court notes that the Delaware Supreme Court correctly identified the *Strickland/Hill* standard and analyzed the instant ineffective assistance of counsel claim within its framework. Therefore, the Delaware Supreme Court's denial of Hammons' ineffective assistance of counsel claim was not contrary to clearly established Supreme Court precedent. *See Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

Additionally, the court concludes that the Delaware Supreme Court's denial of the claim did not constitute an unreasonable application of the *Strickland/Hill* standard. First, Hammons' individual assertions of counsel's error are belied by the record and therefore fail to overcome the strong presumption that counsel's conduct was reasonable. For example, as explained by the Superior Court when it denied Hammons' Rule 61 motion, counsel's opening statement concerning the knife constituted a legitimate trial strategy conducted in Hammons' interest, and counsel's confrontation and explanation of damaging evidence fell within the objective standard of reasonableness required by *Strickland*. With respect to his complaint regarding counsel's failure to subpoena the State's DNA expert witness, the State and defense counsel entered into a stipulation that the DNA test result of the hair collected from the victim's underwear excluded Hammons as the source. Therefore, because the DNA evidence was not in dispute and the jury would have known that the DNA test result was exculpatory, defense counsel's decision not to subpoena the DNA expert witness also fell within *Strickland*'s objective standard of reasonableness.

Hammons also contends that counsel erred by failing to investigate an uncharged rape

9

and that counsel failed to provide him with discoverable evidence. However, counsel's Rule 61

affidavit filed in Hammons' state collateral proceeding contradicts these assertions. In the

affidavit, counsel explains that the prosecutor agreed to refrain from raising hearsay objections

when counsel questioned the chief investigating officer about a report on the uncharged rape and

when counsel questioned the officer regarding the difference between the description of the

assailant in the uncharged rape and Hammons' appearance. (D.I. 22, Appellant's App. in

*Hammons v. State*, No.458,2004, May 1, 2005, at A-75.) Counsel also explains that he did not

deliberately withhold the document containing the victim's version of events.[2]  (D.I. 22,

Appellant's App. in *Hammons v. State*, No.458,2004, May 1, 2005, at A-75.) Additionally,

although Hammons complains that counsel failed to force the State to turn over items identified

in counsel's letter dated May 21, 2003, that same letter explains how counsel had already

provided most of those items to Hammons. As for the items not already provided, counsel

enclosed them with the letter. (*Id.* at A-97 to A-98.) Accordingly, the court concludes that the

Delaware Supreme Court reasonably held that the record did not support these three complaints.

Further, Hammons' two arguments regarding counsel's failure to object to the knife

evidence are meritless. Carrying a pocketknife does not constitute a crime in Delaware,[3]

therefore, there was no reason for counsel to object to the admission of the pocketknife on the

---

[2]Counsel's Rule 61 affidavit does not specifically identify the document containing the victim's version of events. However, reading counsel's Rule 61 affidavit in conjunction with the State's answering brief in Hammons' post-conviction appeal leads the court to conclude that the document to which counsel referred is the police report summarizing the victim's oral statement, as well as the victim's one-page written statement. (D.I. 22, Appellant's App. in *Hammons v. State*, No.458,2004, May 1, 2005, at A-79 to A-80.)

[3]Section 222(5) of Title 11 of the Delaware Code Annotated specifically excludes an ordinary pocketknife carried in a closed position from the definition of a deadly weapon.

basis that such admission was "evidence of other crimes." Additionally, although Hammons faults counsel for failing to object to the admission of other knives into evidence, the record reveals that no other knives were admitted; rather, the pocketknife and a photograph of the same knife were admitted in to evidence. In short, counsel did not perform deficiently by failing to raise meritless objections.

As for the Delaware Supreme Court's conclusion that Hammons was bound by the statements he made during the plea colloquy, it is well-settled that "[s]olemn declarations in open court carry a strong presumption of verity" that creates a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). In Hammons' case, the Delaware Supreme Court reviewed the transcript of the plea colloquy, and noted that Hammons told the judge that his attorney carefully answered any questions he had about his plea agreement and the Truth-in-Sentencing form, that Hammons clearly stated that he was entering the guilty plea knowingly and voluntarily, and that he was satisfied with counsel's performance. The Delaware Supreme Court explained that, although "Hammons initially stated that his attorney's representation had only been 'adequate,' he subsequently agreed that he was 'satisfied' with his attorney's representation." *Hammons*, 2005 WL 2414271, at *1. The Delaware Supreme Court also noted that, during the plea colloquy, Hammons admitted committing the crimes, apologized to the two victims, and actually described some details of the rape. *Id.*

After reviewing the transcript, the court concludes that the Superior Court judge engaged in a careful and thorough inquiry with Hammons while taking his plea, and that Hammons clearly expressed his satisfaction with counsel's performance. For example, when Hammons stated that he "guess[ed counsel] was adequate," the following discourse transpired:

11

| Court: | Well, I don't want to hear "adequate." I want to hear that you are satisfied with his representation. Because if I don't hear that, then, we are going back to this trial. Because as far as this Court is concerned, um, that is not – I don't want some vague answer to that question. You're either happy or you're not happy with – I'm not suggesting that you're necessarily happy with the result of this, and nobody would be, but you have to be satisfied that he has provided adequate representation to you. And I need to hear that, because it's important for the Court to know that so that you don't complain three years from now and find all sorts of reasons why you – |
|---|---|
| Hammons: | Right. Okay. |
| Court: | – did something you shouldn't have done. |
| Hammons: | Okay, I'll give you that. Yes. |
| Court: | You don't have to give me anything. I want you to respond to my question. |
| Hammons: | He represented me adequately. |
| Court: | And are you satisfied? |
| Hammons: | Yes, I'm satisfied |
| Court: | Okay. |

(D.I. 22, Appellant's App. in *Hammons v. State*, No.458,2004, May 1, 2005, at A-253.)

Moreover, here, as in his state collateral proceeding, Hammons' eight complaints regarding counsel's performance fail to provide compelling evidence as to why the statements he made during the plea colloquy should not be presumptively accepted as true. Therefore, the court concludes that the Delaware Supreme Court did not unreasonably apply *Blackledge*, *Strickland* or *Hill* in determining that Hammons failed to overcome the formidable barrier created by the statements he made during the plea colloquy.

12

Finally, the court concludes that Delaware Supreme Court did not unreasonably apply *Strickland* and *Hill* in holding that Hammons' claim failed to warrant relief because he received a substantial benefit by pleading guilty. Hammons faced life imprisonment if the jury convicted him on all eleven counts of the indictment. *See* (D.I. 22, Appellant's App. in *Hammons v. State*, No.458,2004, May 1, 2005, at A-160.) However, as a result of the plea agreement negotiated by counsel, the State dismissed eight charges and Hammons faced a maximum sentence of 23 years imprisonment at Level V. None of Hammons' assertions regarding counsel's performance demonstrate that he would have continued with his trial and risked life imprisonment rather than enter a plea agreement with a maximum 23 year term of imprisonment. Accordingly, the court will deny claim one.

### B. Claim two: ineffective assistance of counsel because the sentence is illegal

In his second claim, Hammons contends that trial counsel provided ineffective assistance by failing to inform him that his sentence was illegal. This claim is premised on Hammons' belief that requiring him to serve the unexpired portion of a previous sentence before serving the newly imposed sentence violated Delaware law and prevented him from earning good time credits on the unexpired sentence.[4] Hammons presented this claim to the Delaware Supreme Court in his post-conviction appeal, and the state supreme court denied the claim as meritless. Therefore, the court must review the claim under the deferential standard provided by § 2254(d)(1).

On habeas review, the court is bound to accept the Delaware Supreme Court's

---

[4]Although not entirely clear, it appears that Hammons was on parole for a prior rape conviction when he committed the crimes at issue in this proceeding. (D.I. 22, Appellant's App. in *Hammons v. State*, No.458,2004, May 1, 2005, at A-75, A-254-255.)

13

interpretation of Delaware state law. *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975)("State

courts are the ultimate expositors of state law . . ."). In Hammons' case, the Delaware Supreme

Court concluded that the plea-bargained sentence was not illegal under Delaware law because

Hammons would earn good time credit on both sentences regardless of the order in which he

served them. Accepting that interpretation of Delaware law, the court concludes that Delaware

Supreme Court's denial of the instant claim does not warrant relief because counsel did not

perform deficiently by failing to raise a meritless argument. *See Werts v. Vaughn*, 228 F.3d 178,

202 (3d Cir. 2000)("counsel cannot be deemed ineffective for failing to raise a meritless claim").

Hammons also contends that counsel provided ineffective assistance on direct appeal by

failing to argue that requiring Hammons to serve the unexpired portion of the older unexpired

sentence prior to the newly imposed sentence rendered his new sentence illegal.[5] The record

reveals that Hammons did not raise this claim asserting appellate counsel's ineffective assistance

in his Rule 61 motion or on post-conviction appeal. At this point in time, any attempt by

Hammons to obtain further state court review of this claim would be foreclosed by Rule 61(i)(4).

*See Kendall v. Attorney General of Delaware*, 2002 WL 531221 (D. Del. 2002). Consequently,

the instant claim is deemed exhausted but procedurally defaulted, precluding review of its merits

absent a showing of cause for, and prejudice resulting from, the procedural default, or that a

miscarriage of justice will occur in the absence of such review.

Hammons does not provide any cause for his failure to present the allegation regarding

---

[5]The record reveals that Mr. Andrew Witherell, Esquire, represented Hammons during his
trial and appeal. Although a Superior Court judge appointed Joseph Bernstein, Esquire as
conflict counsel on September 27, 2002, that order was later vacated and Mr. Witherell actually
filed the appellate brief on Hammons' behalf. *See* (D.I. 22, Superior Court Crim. Dkt. At Nos.
131, 151.)

14

appellate counsel's performance in his post-conviction appeal. In the absence of cause, the court does need to address the issue of prejudice. Further, the court cannot excuse Hammons' default under the miscarriage of justice doctrine because Hammons does not provide any new reliable evidence of his innocence. Thus, the court will deny the claim alleging ineffective assistance of appellate counsel as procedurally barred.

## C. Claim three: actual innocence and/or insufficient evidence to support his conviction

In claim three, Hammons contends that he is factually and legally innocent and/or that there was insufficient evidence to sustain his conviction. As an initial matter, Hammons' free-standing claim of actual innocence fails to present an issue cognizable on federal habeas review. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993)(claims of actual innocence based on newly discovered evidence are not cognizable on federal habeas review absent an independent constitutional violation); *Fielder v. Varner*, 379 F.3d 113, (3d Cir. 2004). Further, to the extent Hammons contends that there is insufficient evidence to support his conviction, the Delaware Supreme Court denied a similar insufficient evidence argument asserted by Hammons in his post-conviction appeal as procedurally barred by Rule 61(i)(3) because he did not raise the claim in his direct appeal. By applying the procedural bar of Rule 61(i)(3), the Delaware Supreme Court articulated a "plain statement" under *Harris v. Reed*, 489 U.S. 255, 263-4 (1989) that its decision rested on state law grounds. This court has consistently held that Rule 61 is an independent and adequate state procedural rule precluding federal habeas review absent a showing of cause for the default, and prejudice resulting therefrom, or upon a showing that a miscarriage of justice will occur if the claim is not reviewed. *See McCleaf v. Carroll*, 416 F.

Supp. 2d 283, 296 (D. Del. 2006); *Mayfield v. Carroll*, 2005 WL 2654283 (D. Del. Oct. 11,
2005).

Hammons does not assert any cause for his default, thereby relieving the court of any
obligation to address the issue of prejudice.[6] Further, although Hammons contends he is actually
innocent, the court cannot excuse his default under the miscarriage of justice doctrine because he
does not provide any new reliable evidence of his innocence. Thus, the court will deny claim
three as procedurally barred.[7]

### D. Claim four: Delaware Supreme Court's failure to review merits of actual innocence claim on post-conviction appeal

In claim four, Hammons contends that the Delaware Supreme Court erred by failing to
review the merits of his actual innocence claim he presented on post-conviction appeal. This
assertion challenges the procedure utilized by the state courts in his collateral proceeding rather
than procedures employed during his underlying criminal proceeding. However, "[t]he federal
role in reviewing an application for habeas corpus is limited to evaluating what occurred in the
state or federal proceedings that actually led to the petitioner's convictions; what occurred in the
petitioner's *collateral* proceeding does not enter into the habeas calculation." *Hassine v.
Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998)(emphasis contained in original). Therefore, the

---

[6]Nevertheless, Hammons cannot demonstrate prejudice because he waived his right to
present an argument based on insufficient evidence when he knowingly and voluntarily entered
his guilty. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). By pleading guilty, Hammons
admitted the material facts alleged in the charges, and his challenge to the sufficiency of the
evidence is refuted by the admissions he made in the plea agreement and during the plea
colloquy. *See United States v. Dickler*, 64 F.3d 818, 823-24 (3d Cir. 1995).

[7]The court also notes that Hammons waived his right to present an argument based on
insufficient evidence when he knowingly and voluntarily entered his guilty. *See Tollett*, 411 U.S.
at 267.

16

court will deny claim four because it asserts an issue that is not cognizable on federal habeas review.

### E. Pending motions

During the pendency of this proceeding, Hammons filed a motion for an evidentiary hearing, a motion to amend his motion for an evidentiary hearing, a motion for default judgment, a motion for the appointment of counsel, and a motion to expand the record. (D.I. 33; D.I. 44; D.I. 42; D.I. 45; D.I. 46.) The court has concluded that Hammons' habeas petition does not warrant relief. Thus, the court will deny the pending motions as moot.

## V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

The court concludes that Hammons' petition does not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court

17

declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated, Hammons' petition for habeas relief pursuant to 28 U.S.C. § 2254

is denied. An appropriate order shall issue.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WILLIAM J. HAMMONS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 05-718-GMS |
| | ) | |
| THOMAS L. CARROLL, Warden, and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY

ORDERED that:

1. William J. Hammons' petition for the writ of habeas corpus, filed pursuant to 28 U.S.C

§ 2254, is DISMISSED, and the relief requested therein is DENIED. (D.I. 1.)

2. The following motions are DENIED as moot:

   a. Motion for an evidentiary hearing. (D.I. 33.)
   b. Motion to amend motion for an evidentiary hearing. (D.I. 44.)
   c. Motion for default judgment. (D.I. 42.)
   d. Motion for the appointment of counsel. (D.I. 45.)
   e. Motion for expansion of record. (D.I. 46.)

3. The court declines to issue a certificate of appealability.

Dated: Nov  8   , 2007

UNITED STATES DISTRICT JUDGE

**FILED**

NOV  8 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE